REINS, RESPONDENT, *v.* KING, APPELLANT.

(No. 1,442.)

, (Submitted April 15, 1902.  Decided March 14, 1903.)

*Mining Claim—Location — Adverse Claim—Appeal—Assignments of Error—Costs—Memorandum—Striking Out.*

1.  When the plaintiff in an action to determine an adverse claim to a mining claim had located the claim in 1893, and defendant claimed to have located it in 1896, and the court found that defendant made no valid location of the claim, errors, if any, in ruling on the admissibility of evidence as to a location and working of the claim by a third party prior to plaintiff's location, were immaterial.
2.  Where assignments of error in rulings as to the admission of evidence do not refer to the page of the transcript where the matters are to be found, the assignments will not be considered.
3.  Under Code of Civil Procedure, Section 1867, providing that "a party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk and serve on the adverse party a memorandum of the items of his costs and disbursements within five days after the verdict or notice

of the decision," where plaintiff did not serve such memorandum until eight days after a decision in his favor, and the records did not show that he did not have notice of the decision until within five days prior to such service, defendant's motion to strike out the memorandum of costs should be sustained.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by John P. Reins against Silas F. King. From a judgment in favor of plaintiff, and from an order overruling a motion to strike out plaintiff's memorandum of costs, defendant appeals. Modified and affirmed.

*Messrs. McHatton & Cotter,* for Appellant.

*Messrs. Stapleton & Stapleton,* for Respondent.

THE HONORABLE J. M. CLEMENTS, one of the District Judges of the First Judicial District, sitting in the place of the Chief Justice, delivered the opinion of the court.

On the 13th of March, 1893, the plaintiff located the Combination lode claim in Summit Valley mining district, Silver Bow county. On the 12th of February, 1896, the defendant located the Boomerang lode claim, which included a portion of the ground covered by the Combination lode claim. On August 25, 1897, the defendant made application for a patent to the Boomerang claim. On October 13, 1897, plaintiff filed in the United States land office at the city of Helena his adverse claim to the ground in conflict under the two locations. This suit was brought to determine such adverse claim. The cause was heard by the court sitting with a jury. Special findings were submitted to the jury, but no general verdict. Both parties moved the court to reject certain of the findings and adopt others. The court made certain findings of fact and rendered judgment in favor of plaintiff.

Among other findings of fact the court found that the defendant made no valid location of the Boomerang lode claim, for the reason that the whole of the land attempted to be located was

then covered by the Combination lode claim, and also that he failed to make a discovery of quartz in place bearing gold, silver, copper, or any other precious metal or deposit; also that he failed to mark the boundaries as required by law.

The defendant alleged in his answer, as an affirmative defense, that on March 9, 1881, one Henry G. Dahl located the ground in controversy as the Betsy Dahl lode claim, and that at the time the plaintiff located the Combination lode claim the Betsy Dahl was a valid existing location. This the plaintiff denied in his replication, and alleged that at the time he located the Combination claim on March 13, 1893, the Betsy Dahl claim had become forfeited by reason of the non performance of the annual assessment work on the same for the year 1892, and was, therefore, public, unoccupied mineral land of the United States. Upon this issue the defendant introduced in evidence the affidavits of the persons who performed work and made improvements upon the Betsy Dahl claim in 1892 to the effect that the value of the work and improvements was $115.50. The plaintiff introduced evidence to the effect that the value of the work and improvements done and made on the Betsy Dahl claim in the year 1892 was much less than $100. The defendant then offered to prove the value of the work and improvements to be more than $100. The court refused to permit the defendant to introduce the proof offered, to which action of the court the defendant excepted, and assigns as error.

On this issue the court found that the Betsy Dahl claim was forfeited and became vacant and open to location by others on January 1, 1893, by reason of the failure of Dahl and his co-owners to do or to have done the necessary representation work thereon for the year 1892.

While the finding on this issue might have been different had the court permitted the introduction of the proof offered by the defendant, inasmuch as the court found that the defendant failed to make a valid location of the Boomerang claim on the 12th of February, 1896, in that he failed to make a proper discovery of minerals, and failed to properly mark the boundaries of his claim, it becomes immaterial whether or not the Betsy Dahl

claim was properly represented in 1892. Whatever merit there might otherwise be in this assignment of error, it can avail the defendant nothing, in view of the finding of the court that he failed to initiate a valid location of the Boomerang claim in February, 1896. The court having found against the defendant on that issue, it would make no difference, so far as the rights of the defendant are concerned in this action, whether the ground was or was not unappropriated mineral land on March 13, 1893, when the plaintiff initiated his location of the Combination claim. And, there being a conflict of testimony on the issue as to whether the defendant initiated a valid location of the Boomerang claim in February, 1896, there appears no reason for disturbing the finding of the court in that regard.

Appellant assigns as error the action of the court in sustaining and overruling various objections to the introduction of testimony, which, in most of the instances, relate to the value of the work performed on the Betsy Dahl claim in the year 1892, and in none of the assignments of error is the page of the transcript indicated. This court cannot search the record for such matters as are not referred to by the page of the record where the matters may be found.

Defendant also appeals from the order of the court overruling his motion to tax the costs in the action. The record shows that on August 22, 1898, the court made and filed its findings of fact and conclusions of law, and ordered judgment in favor of the plaintiff; that thereafter, on August 30, 1898, plaintiff filed his memorandum of costs. Section 1867 of the Code of Civil Procedure provides that a party in whose favor a judgment is rendered, and who claims his costs, must deliver to the clerk and serve upon the adverse party, within five days after the verdict or notice of the decision of the court, a memorandum of the items of his costs and necessary disbursements in the action. It appears from the record that the plaintiff's memorandum of costs was not served until eight days after the decision of the court was made and the judgment entered. As the record discloses nothing to show that the plaintiff had not notice of the decision of the court until within five days prior

to the 30th day of August, 1898, the defendant's motion to strike out plaintiff's memorandum of costs should have been sustained.

For the reasons herein given, the judgment is affirmed, except as to plaintiff's costs, and it is ordered that the judgment be modified to that extent.

Each party in this appeal shall pay his own costs on appeal.

*Modified and Affirmed.*

MR. JUSTICE MILBURN:   I concur.

MR. JUSTICE PIGOTT, who heard the argument in this case, having retired from the bench before the determination thereof, takes no part in this opinion.

Motion for rehearing filed March 27, 1903; dismissed April 29, 1903, in accordance with stipulation on file.