STATE ex Rel. CLARK, Relatrix, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 7,544.)

(Submitted September 29, 1936.   Decided October 21, 1936.)

[61 Pac. (2d) 836.]

*Mr. R. F. Gaines* and *Mr. Eugene Kelly*, the latter of the Bar of Los Angeles, California, for Relatrix.

. *Messrs. Harry* and *William Meyer*, for Respondents, submitted a brief in support of motion.

MR. JUSTICE STEWART delivered the opinion of the court.

This is a motion to strike from the files of this court a memorandum of costs.

On March 4, 1936, Thelma W. Clark, as relatrix, filed a petition for a writ of supervisory control against the district court of Silver Bow county and the Honorable Frank L. Riley, a Judge thereof. After a hearing on the matter, this court on April 21 rendered and filed an opinion wherein it ordered that a peremptory writ should issue. (*State ex rel. Clark* v. *District Court*, 102 Mont. 227, 57 Pac. (2d) 809.) Respondents' petition for a rehearing was denied, and a peremptory writ was issued on June 11. On July 7 relatrix filed herein a memorandum of costs. Thereafter respondents filed motion to strike the memorandum from the files.

One of the principal grounds urged by respondents is that the memorandum was not filed within the time provided by law. Section 9796, Revised Codes, provides that in special proceedings instituted in this court "the same costs must be allowed as in cases on appeal." Section 9805, Id., provides that, "whenever costs are awarded to a party by an appellate court, if he claims such costs, he must, within thirty days after the remittitur is filed with the clerk below, deliver to such clerk a memorandum of his costs."· Section 9796 makes no particular mention as to the time within which a memorandum of costs must be filed. Since this was a special proceeding, no remittitur was issued or filed. Relatrix however, apparently rests upon the assumption that in such cases the 30-day limit as prescribed by section 9805 is applicable, and that the time must be computed from the date of the issuance of the writ,

just as it is computed from the date when the remittitur is issued in an ordinary case on appeal.

Respondents contend that the time for filing a memorandum of costs began to run on May 26, the date on which the decision of this court denying the petition for rehearing was entered, and that therefore, even though relatrix was entitled to the 30-day time as prescribed by section 9805, still the memorandum was not filed in time.

As we view the matter, it is unnecessary to decide the question thus presented, because section 9803, rather than section 9805, is the applicable and controlling statute. Section 9803 provides that "the party in whose favor judgment is rendered and who claims his costs, must deliver to the clerk, and serve upon the adverse party, within five days after the verdict or notice of the decision of the court or referee, * * * a memorandum of the items of his costs and necessary disbursements in the action or proceeding." In *State ex rel. Riddell* v. *District Court,* 33 Mont. 529, 85 Pac. 367, this court held that the foregoing section was controlling in the collection of costs not only in the district court, but also in original proceedings in this court. In accordance with that conclusion we hold that relatrix was entitled to only five days within which to file her memorandum of costs. For that reason it is not necessary to decide whether the time should be computed from May 26, the date of this court's decision denying the petition for rehearing, or from June 11, the date of the issuance of the writ. In any event, it appears that the memorandum was filed out of time. Indeed, it would seem that the time began to run from notice of the decision of the matter by this court—that is, when the opinion, which was the judgment of the court—was filed and notice thereof given. The subsequent writ was not the decree or judgment; it was merely the court process issued for the enforcement thereof. (Art. VIII, sec. 27, Mont. Const., secs. 16, 4773 and 10713, Rev. Codes. See, also, *Thomas* v. *Thomas,* 44 Mont. 102, 119 Pac. 283, Ann. Cas. 1913B, 616.)

Upon failure to file and serve cost bills within the time provided by law, a motion to strike out the memorandum should

be sustained. (*Reins* v. *King*, 27 Mont. 511, 71 Pac. 763; *First State Bank of Thompson Falls* v. *Larsen*, 72 Mont. 400, 233 Pac. 960.)

Accordingly, the motion to strike the memorandum of costs must be, and it is hereby granted.

ASSOCIATE JUSTICES MATTHEWS, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, takes no part in the above decision.