[No. 7,214.—Department One.]

## A. S. BAKER *v.* A. J. SNYDER.

PPEAL FROM ORDER—IDENTIFICATION OF THE PAPERS USED ON THE HEAR-
ING—CERTIFICATE OF CLERK—TRANSCRIPT—PRACTICE.—Upon an appeal
from an order,

*Held*, That unless the affidavits, etc., *when* used on a motion are *then* indorsed
or marked by the clerk, his certificate to the identity of such papers can
not be held to be determinative of the fact as against his subsequent
statement that he signed the certificate by mistake, and that he did not
know, and had no means of knowing, whether the affidavits were or were
not used at the hearing of the motion.

APPEAL from an order in the Superior Court, Alameda
County. CRANE, J.

A judgment was entered against the plaintiff dismissing the
action for want of prosecution. The plaintiff made a motion to
vacate the judgment, and the motion being denied, the plaint-
iff appealed. The transcript contains certain affidavits
indorsed, filed in the action, the contents of which tend to
show that the judgment was rendered by reason of an
excusable mistake on the part of the plaintiff.

*W. H. H. Hart* and *W. H. Fifield*, for Appellant.

*James C. Martin*, for Respondent.

The COURT:

Section 951 of the Code of Civil Procedure reads: " On
" appeal from a judgment rendered on an appeal, or from
an order, except an order granting or refusing a new trial, the
appellant must furnish the Court with a copy of the notice
of appeal, of the judgment or order appealed from, and of
*papers used on the hearing* in the Court below."

But the code provides no special mode by which "the pa-
pers used on the hearing" shall be identified.

Unless the affidavits, etc., *when* used on a motion, are *then*
indorsed or marked by the clerk, under the direction of the
Judge, or without such direction, the clerk can not be ex-
pected to remember, when called upon to certify to copies to
be sent up here, the exact papers used at the hearing of a

motion. If the law imposed the duty upon him of certifying to the identity of such papers, his certificate would be conclusive evidence of the fact in it recited. But as the law does not impose that duty upon him, his certificate that certain papers were used on the hearing, inadvertently made, can not be held to be determinative of the fact, as against his subsequent statement that he signed the certificate by mistake, and that he did not know, and had no means of knowing, whether the affidavits were or were not used at the hearing of the motion.

As the affidavits found in the transcript are not identified as having been used on the hearing of the motion to set aside the judgment of dismissal,

The order appealed from is affirmed.