(March 4, 1895.)

# SIMMONS HARDWARE COMPANY AND STANDARD OIL COMPANY v. ALTURAS COMMERCIAL COMPANY.

[39 Pac. 553.]

PRACTICE—CERTIFICATION OF PAPERS ON APPEAL.—The clerk of the court from which an appeal is taken is the only officer that can certify to the papers provided for in section 4819.

SECTION 4821 OF THE REVISED STATUTES CONSTRUED.—The clerk of the district court of the attorneys of record are authorized to certify that a transcript on appeal contains correct copies of all papers used on the hearing of a motion in the court below.

APPEAL from District Court, Alturas County.

F. E. Ensign, for Appellant.

The clerk of the court is expressly authorized by statute to authenticate transcripts on appeal. (Idaho Rev. Stats., sec. 4821.) The rule of this court follows the statute. (Supreme Court Rule 27, p. 11.) It is true that both statute and rules provide that the authentication may be by stipulation of counsel of the respective parties, but neither the statute nor the rule compel or require counsel to stipulate. The law makes it the duty of the clerk to authenticate transcripts on appeal, and he is the only officer or person upon whom that duty is imposed. Counsel of the respective parties may, if they choose, stipulate, but they are under no restraint and may do as they please. The California authorities cited by respondents are liable to mislead, as they are based on statutes widely different from our own. We think, in the light of the statutes and authorities cited, we are authorized to say that the law in Idaho is: 1. That the judge or court cannot authenticate the transcripts used on appeal from an order; 2. That such authentication can be made by stipulation of counsel, but that counsel are under no obligation to enter into such stipulation; 3. That the only officer or person upon whom the law imposes the duty of authenticating such transcripts is the clerk of the court.

Selden B. Kingsbury and Johnson & Johnson, for Respondents.

The clerk of the court is not authorized to authenticate the papers used upon a motion. When the motion is made, presented, argued, and determined in open court, the clerk can hardly know upon what papers the parties rely; most frequently all the papers are not read, but ultimate facts are stated to appear, but from what papers they are claimed to appear the court and the respective attorneys only know. When the papers used are authenticated as those used, the clerk is the proper officer to certify that the copies in the transcript are correct copies of the originals on file in his office, and this is the extent of his authority; but this he does not do in these cases, he

388        Simmons etc. Co. *v.* Alturas Com. Co.    [Sup. Ct.

Statement of Facts.

does not certify that the transcripts contain copies of papers on file or of which he is the legal custodian, but that they contain copies of papers used on the motions. An appellate tribunal cannot take judicial knowledge of proceedings in lower courts. It can only act upon a record of the proceedings authenticated in the mode required by law." (*Nash v. Harris,* 57 Cal. 242.) The law does not impose upon the clerk the duty of certifying to the identity of papers used upon a motion. (*Baker v. Snyder,* 58 Cal. 617.) By Revised Statutes, section 4819, the record on appeal from all orders, except an order granting or refusing a new trial, is made the same, and it matters not whether the order was made before or after judgment; and section 4429 provides for a bill of exceptions to any decision whenever or wherever made, by a court or judge, or by a tribunal other than a court, or by a judicial officer. It was the settled construction of sections 4819 and 4821 that the clerk cannot certify as to what papers were used upon the hearing of the motion in the court below or at chambers, before we adopted those sections from California. (*Walsh v. Hutchings,* 60 Cal. 228; 2 Hayne on New Trial and Appeal, sec. 264, pp. 792, 793.)

Action by the Simmons Hardware Company and another against the Alturas Commercial Company. From an order denying a motion to dissolve attachments, defendant appealed, and plaintiffs move to affirm the order for defects in the appeal record. Motion denied.

In these cases plaintiffs issued attachments and levied upon the property of defendant on the twenty-second day of October, 1894. On the first day of November, 1894, defendant moved the court to dissolve said attachments, stating that the motion would be heard upon the papers on file in said court in said action. The court below, upon the hearing, denied the motion, and defendant appeals to this court. The clerk of the district court of the fourth judicial district, in which these cases were pending, in his certificate to the transcripts, certifies that the foregoing transcripts contain a full, true, and correct copy of all the papers used on the motions of defendant to vacate and

discharge the attachments, and the motions of plaintiff to be allowed to file additional undertaking, etc. The respondent now moves this court to affirm the judgment of the court below on the grounds that there is no bill of exceptions or other sufficient certificate in the record to show that the papers presented in the transcripts were used on said motion; or that the transcripts contain all the papers used upon said motions.

MORGAN, C. J.—The district court is required by law to keep a complete record of all matters and proceedings had and done in said court. This record is kept by the clerk under the direction of the judge. It is also necessary that a record of all matters done at chambers should be kept. It is the practice of the district court judges to direct the clerk to keep this record also. Necessarily, then, the clerk has as good a knowledge of the proceedings at chambers as he has of court proceedings. It would be the duty of the clerk, under the direction of the judge, to in some manner identify the papers, or in some way mark the papers used on the hearing in the court below, in order that he may be able to correctly state in his certificate what papers were so used. Section 4819 of the Revised Statutes requires the appellant to furnish the supreme court with a copy of the notice of appeal, of the judgment or order appealed from, and of papers used on the hearing in the court below. Who is to determine what papers were so used? Section 4821 of the Revised Statutes, in our opinion, distinctly states who shall do so. This section states: "The copies provided for in the last three sections [this includes 4819] must be certified to be correct by the clerk or the attorneys." The appellant, who is required by section 4819 to furnish this court with copies of the papers used on the hearing below, does everything he is required to do in the court by his attorney, and therefore section 4821 says that the attorneys may certify that the papers so furnished are correct. What does the word "correct" mean, as used in this connection? Evidently something more than that the papers are correct copies of others on file. This section states that the papers provided for in section 4819 must be certified to be correct by the clerk or by the at-

torney. Clearly, they must certify that they are the papers required by section 4819, and these were the papers used on hearing in the court below. Counsel contends that this certificate mentioned in section 4821 is simply that the papers in the transcript are correct copies of those on file in the court below, but this will not do, as the clerk is the sole custodian of those papers, and the only person authorized to make copies from them, and certify to the correctness of such copies. The attorney can neither make copies of such papers, as they are not in his custody, nor has he any right to copy them for this court, nor can he make a certificate that a copy of a paper on file or in the custody of the clerk of the district court is a correct copy of such paper, and ask this court to receive such certificate as any evidence of the facts therein stated; but he may ·certify that certain papers were the ones used on the hearing below, because this would be within his knowledge, nor would he need the actual custody of the papers so to do. If it be claimed that the word "attorneys" means the attorneys for both parties must certify, then this would be an additional reason why the construction here given is correct, as it would not certainly require the attorneys for both parties to certify to the correctness of a copy which the clerk could do alone. Our law (Rev. Stats., sec. 4427) specifically states that such papers need not be embodied in the bill of exceptions, but the same, appearing in the record or files, may be reviewed upon appeal as though settled in the bill of exceptions.

As to the decisions of the California supreme court, which we are requested to follow, we must respectfully say the path is too devious. In *Pieper v. Land Co.,* 56 Cal. 173, that court holds that at that time a bill of exceptions was unnecessary, and the certificate of the judge was sufficient. In *Nash v. Harris,* 57 Cal. 242, there was no identification whatever, and the court there say the papers must be made a part of the case by bill of exceptions, or be authenticated by the judge; but our statute does away with the bill of exceptions in this instance, as above stated. In *Baker v. Snyder,* 58 Cal. 617, the court says: "The code provides no mode by which the papers used on the hearing shall be identified, and that, when the clerk cer-

tifies that certain papers were the ones used on the hearing, it is not conclusive, but such certificate may be contradicted." In the latter statement we agree with that court. In *Walsh v. Hutchings,* 60 Cal. 228, the court says: "There is no bill of exceptions, and the court does not identify these papers as being used on the motion." The plain inference is that, if either mode had been used, the authentication would have been sufficient, but our statute makes a bill of exceptions unnecessary, and the California supreme court afterward, in *Herrlich v. McDonald,* 80 Cal. 472, 22 Pac. 299, says the judge has no authority thus to identify the papers. Referring again to *Walsh v. Hutchings, supra,* the court, further on, says the clerk has no power to determine what papers or evidence the court acted upon, but offers no explanation of section 953 of the California Code of Civil Procedure, which is identical with our section 4821. Here is an end of the whole matter. The California supreme court decides the clerk has no power to certify, and the judge of the court cannot do it, but it must be done by bill of exceptions, which is only another form of the certificate of the judge; and our statute expressly says the bill of exceptions is not necessary. We think a fair construction of section 4821 would authorize the clerk of the district court or attorneys to certify, as in this case, that the transcript contains full, true and correct copies of all the papers used on the hearing of the motion of defendant in the court below, or as the case may be. This certificate, if incorrect, would be subject to correction by either party upon a suggestion of diminution of the record. Motion denied.

Sullivan and Huston, JJ., concur.