'(December 10, 1903.)'

## VILLAGE OF SAND POINT v. DOYLE.
### [74 Pac. 861.]

CERTIFICATE TO RECORD ON APPPEAL.—On an appeal from an order other than an order granting or refusing a new trial, the papers contained in the transcript must be identified by proper certificate showing that they are the papers used upon the hearing in the court below, and a certificate that the papers are true copies of the originals on file is not enough without showing that they are the papers used upon the hearing.

(Syllabus by the court.)

APPEAL from District Court in and for Kootenai County. R. T. Morgan, Judge.

From an order made by the district judge granting a temporary injunction defendant appeals. Appeal dismissed.

James Z. Moore, for Appellant. No brief filed on point decided.

Charles L. Heitman, for Respondent. No brief filed.

AILSHIE, J.—This is an appeal by the defendant Doyle from an order made by the Honorable R. T. Morgan, judge of the first judicial district, granting a temporary injunction restraining defendant from the commission of certain acts threatened. The respondent moved to dismiss the appeal on five separate

grounds, but upon the argument abandoned all but one ground, viz.: "That the record on appeal has not been authenticated or identified by a bill of exceptions or in any manner or at all."

Section 4819, Revised Statutes, provides that upon an appeal "from an order, except an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from, and of papers used on the hearing in the court below."

Section 4821, Revised Statutes, provides that the copies mentioned in section 4819, *supra*, "must be certified to be correct by the clerk or attorneys."

The transcript in this case contains no certificate showing that the papers and records it contains were used by the judge upon the hearing, but merely contains a certificate from the clerk that they are true and correct copies of the papers it purports to contain as the same appear on file in his office. This certificate is good as far as it goes, but falls short of showing that the papers contained in the transcript were used by the district judge upon the hearing of the motion. Many other papers and documents might have been used for aught this record shows or many of the papers in this transcript may not have been presented to the judge at all. It would be a dangerous practice for this court to pass upon such appeals without having before it copies of all the papers used upon the hearing properly identified by certificate as contemplated by statute.

A bill of exceptions is not necessary in such cases, but the papers used upon the hearing in the court below must be identified by certificate from the judge, clerk or attorneys, so that this court may know that it is passing upon the same facts which were before the district judge. (See *Simmons Hardware Co. v. Alturas Commercial Co.*, 4 Idaho, 386, 39 Pac. 553.)

It follows that the appeal must be dismissed and it is so ordered. Costs awarded to respondent.

Sullivan, C. J., and Stockslager, J., concur.