(April 28, 1908.)

# EDWIN DOUST, Respondent, v. ROCKY MOUNTAIN BELL TELEPHONE CO., Appellant, and E. S. CRANE, Defendant.

[95 Pac. 209.]

MOTION TO DISMISS APPEAL—ENGROSSED STATEMENT—SETTLEMENT OF—CERTIFICATE TO TRANSCRIPT—MOTION FOR A NEW TRIAL—PAPERS USED ON—IDENTIFICATION OF—ADVERSE PARTY—SERVICE OF NOTICE OF APPEAL.

1. Where numerous amendments have been allowed to a proposed statement on motion for a new trial, the statement should not be certified by the judge until the proposed statement and all amendments allowed have been engrossed.

2. On an appeal from an order, it must appear that the transcript contains all of the papers, records and other documents used by the trial judge or court on the hearing of such motion.

3. Where a joint judgment is rendered against two defendants, and one of them appeals and the other does not, the notice of appeal must be served on the latter, under the provisions of sec. 4808, Rev. Stat., he being an adverse party within the provisions of said section.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District for Kootenai County. Cause tried by Hon. R. T. Morgan, Judge; motion for a new trial overruled by his successor, Hon. William W. Woods, Judge.

Action to recover on a check. Judgment for plaintiff. *Motion to dismiss appeal sustained* and appeal dismissed.

H. P. Knight, and Sanders & Flynn, for Appellant, cite no authorities on points decided.

C. L. Heitman, and Ezra R. Whitla, for Respondent.

The statement was not engrossed at the time of the alleged settlement, and until the statement is engrossed the same cannot be settled as a complete record, as it is the engrossing that

completes and makes perfect the record of the proceedings. (*Pence v. Lemp*, 4 Ida. 526, 43 Pac. 75; *Hattabaugh v. Vollmer*, 5 Ida. 23, 46 Pac. 831; *Crowley v. Gold Min. Co.*, 12 Ida. 530, 86 Pac. 536; 2 Spelling on New Trial & Appellate Proc., par. 447.)

There is no proper certificate showing that the record contains all the papers, records, files and other matters presented to and used by the trial judge in passing on the motion for a new trial. (*Steve v. Bonners Ferry Lumber Co.*, 13 Ida. 384, 92 Pac. 363; secs. 4443, 4820 and 4821, Rev. Stat.)

In order to give this court jurisdiction of a case, on an appeal, it is necessary that the transcript should show that the notice of appeal has been served on the adverse party. Unless the record shows such service the appeal will be dismissed. (*Anderson v. Knott*, 1 Ida. 626; *Tootle v. French*, 3 Ida. 1, 25 Pac. 1091; *Adams v. McPherson*, 3 Ida. 718, 34 Pac. 1095; *Moe v. Harger*, 10 Ida. 194, 77 Pac. 645.)

All parties against whom a joint judgment has been rendered are adverse parties, and therefore notice of appeal must be served upon them, in order to give this court jurisdiction. (*Jones v. Quantrell*, 2 Ida. 153, 9 Pac. 418; *Coffin v. Edgington*, 2 Ida. 627, 23 Pac. 80; *Lydon v. Godard*, 5 Ida. 607, 51 Pac. 459; *Lewiston Nat. Bank v. Tefft*, 6 Ida. 104, 53 Pac. 271; *Titiman v. Alamance Min. Co.*, 9 Ida. 241, 74 Pac. 529; *Baker v. Drews*, 9 Ida. 276, 74 Pac. 1130; *Bennett Co. v. Twin Falls L. & W. Co.*, 13 Ida. 676, 92 Pac. 980.)

SULLIVAN, J.—This action was brought by the respondent against the Rocky Mountain Bell Telephone Co. and E. S. Crane to recover on a check issued by the Telephone Co. to the said E. S. Crane, for the sum of $846.65. Judgment was entered against the Telephone Co. and said Crane for the sum of $893.50, with interest thereon from the date of the judgment. An appeal from the judgment and the order denying a new trial was taken by the Telephone Co., in which the said Crane did not join, and no notice of the appeal was served on him.

Counsel for respondent move to dismiss the appeal on the ground that no notice of appeal had been served on the de-

fendant Crane, and that no sufficient record or transcript on appeal has ever been made, served or filed by the appellant; that the transcript does not show that the alleged statement on motion for a new trial was properly certified by the judge who tried said action; that the transcript on appeal does not contain a sufficient or any certificate showing that it contains all of the records and papers submitted to and used by the district judge in passing on the motion for a new trial.

It appears from the transcript that numerous amendments were offered to the proposed statement on motion for a new trial, and the certificate of the judge shows that the amendments were allowed and the statement settled "and ordered to be engrossed" by the trial judge. This court has repeatedly held that where numerous amendments have been offered to a proposed statement on motion for a new trial, that the amendments as allowed in connection with the proposed statement must be engrossed before it is settled as a complete record. (*Pence v. Lemp*, 4 Ida. 526, 43 Pac. 75; *Hattabaugh v. Vollmer*, 5 Ida. 23, 43 Pac. 831; *Crowley v. Croesus G. & C. M. Co.*, 12 Ida. 530, 86 Pac. 536; 2 Spelling on New Trial and App. Procedure, sec. 447.) There is not a proper certificate to the transcript showing that it contains all of the papers, records and files used by the trial judge in passing upon the motion for a new trial. The transcript, on an appeal from the order denying a new trial, must contain all of the records and papers considered by the judge in passing upon such motion. In *Steve v. Bonners Ferry Lumber Co.*, 13 Ida. 384, 92 Pac. 363, the court in passing upon the question now under consideration, said:

"Under the provisions of secs. 4443, 4820 and 4821 of the Revised Statutes of 1887, it is essential that one who appeals from an order granting or denying a motion for a new trial should furnish the appellate court with a proper certificate identifying the papers, records, files, and other matter presented to and used by the trial judge upon the hearing and consideration of such motion, and, upon failure on the part of the appellant to furnish such certificate, his appeal from the order granting or refusing the motion will be dismissed."

It is also contended that the appeal should be dismissed, for the reason that the notice of appeal was not served on the defendant Crane. The transcript shows that the Telephone Co. and said Crane were sued jointly and a joint judgment was rendered against them for over $800. That being true, a reversal or modification of this judgment would adversely affect said Crane. He is therefore an adverse party. In order to give this court jurisdiction of the case on appeal, it is necessary that the transcript should show that the notice of appeal has been served on each and every of the adverse parties, and unless the record shows proper service of the notice of appeal, the appeal will be dismissed on motion. (*Anderson v. Knott,* 1 Ida. 626; *Tootle v. French,* 3 Ida. 1, 25 Pac. 1091; *Adams v. McPherson,* 3 Ida. 718, 34 Pac. 1095; *Moe v. Harger,* 10 Ida. 194, 77 Pac. 645.) This court has held in numerous cases that all parties against whom a joint judgment has been rendered are adverse parties, and that the notice of appeal must be served upon each of them in order to give this court jurisdiction. (*Jones v. Quantrell,* 2 Ida. 153, 9 Pac. 418; *Coffin v. Edgington,* 2 Ida. 627, 23 Pac. 80; *Lydon v. Godard,* 5 Ida. 607, 51 Pac. 459; *Lewiston Nat. Bank v. Tefft,* 6 Ida. 104, 53 Pac. 271; *Titiman v. Alamance Min. Co.,* 9 Ida. 240, 74 Pac. 529; *Baker v. Drews,* 9 Ida. 276, 74 Pac. 1130; *Nelson Bennett Co. v. Twin Falls Land & Water Co.,* 13 Ida. 676, 92 Pac. 980.)

The motion must therefore be sustained on the ground that the transcript fails to contain the proper certificate, and that no notice of appeal was served on one of the adverse parties. The appeal is therefore dismissed, with costs in favor of the respondent.

Ailshie, C. J., and Stewart, J., concur.