(March 1, 1911.)

W. E. JOHNSTON et al., Respondents, v. JAMES BRON-SON et al., Appellants.

[114 Pac. 5.]

PROCEDURE—TITLE OF CAUSE ON TRANSCRIPT—MOTION FOR A NEW TRIAL—CERTIFICATE OF RECORD—SERVICE ON ADVERSE PARTY—CO-DEFENDANTS.

(Syllabus by the court.)

1. The title to a case on appeal as the same appears upon the title page of the transcript, together with the respective names of appellant and respondent, considered and held to be a sufficient compliance with the rules of the court to entitle the case to a hearing.

2. Where the appeal from the judgment is not taken within one year and is dismissed, and the appellant has appealed from an order denying a motion for a new trial, and the record on appeal contains no certificate showing the papers, records and files that were used

and considered by the trial judge on the hearing of the motion, and a motion is made to dismiss the appeal on the ground that the record does not contain the judgment-roll, *held*, that the appellate court is unable to determine from the record whether or not the judgment-roll was used on the hearing in the lower court or what papers were used on the hearing in the lower court, and is consequently unable to tell what papers and files and records should be contained in the transcript, as provided for in sec. 4443, Rev. Codes, and that the appeal should accordingly be dismissed.

3. Where one of several defendants takes an appeal and the attorneys for such defendant sign a notice of appeal as "attorneys for defendants," and it appears throughout the record that there was a great number of defendants in the case and that they were represented by various attorneys, and that the attorneys who prosecuted the appeal were attorneys for only one defendant and the notice of appeal was not served on the other defendants, who did not in fact appeal, *held*, that the appeal was only prosecuted on behalf of the one defendant, and that the notice of appeal has not been served on the adverse parties, and that the appeal should be dismissed.

APPEAL from the District Court of the Fourth Judicial District, for Cassia County. Hon. Edward A. Walters, Judge.

Action by plaintiff to modify a decree. Judgment for the plaintiff, and defendant Raft River Land & Livestock Co.` appealed. Motion by the respondent to dismiss the appeal. Motion granted and appeal dismissed.

J. C. Rogers, K. I. Perky and Maginnis & Maginnis, for Appellants.

The objection that the transcript does not contain the judgment-roll or a copy thereof, and, more particularly, the transcript does not contain any of the pleadings in the case except the complaint of the plaintiffs and the answer of the defendant the Raft River Land & Livestock Co., is not ground for the dismissal of the appeal, since the respondents may have the defect corrected by suggestion of diminution of the record, under Supreme Court Rule 32. (*Hellings v. Duval*, 119 Cal. 199, 51 Pac. 335; *Paige v. Roeding*, 89 Cal. 69, 26 Pac. 787; *Coey v. Cleghorn*, 10 Ida. 162, 77 Pac. 331.)

There is no force in the objection to a notice of appeal that it is directed only to the clerk and the attorneys for the plaintiffs and not to the plaintiffs themselves. (*Idaho Comstock Co. v. Lunstrum*, 9 Ida. 257, 74 Pac. 975; *Frost v. Alturas Water Co.*, 11 Ida. 294, 81 Pac. 996.)

Only the record may be examined for the purpose of determining who are the adverse parties upon whom notice must be served. (*In re Ryer*, 110 Cal. 556, 42 Pac. 1082; *Frost v. Alturas Water Co.*, 11 Ida. 294, 81 Pac. 996.)

A defect of parties on motion for new trial is not ground for dismissal of appeal from the order denying the new trial. (*Johnson v. Phenix Ins. Co.*, 146 Cal. 571, 80 Pac. 719; *Watson v. Sutro*, 77 Cal. 609, 20 Pac. 88.)

In the absence of complaint by the other defendants this court is bound, if it is necessary to do so, to accept the appearance of Maginnis and Rogers as representing all defendants on appeal, at least all who have not been otherwise served.

Hawley, Puckett & Hawley, for Respondents.

The judgment is not a several one, but is directed against all of the defendants, and the rule is that notice of appeal must be served upon each party whose interest would be affected by a modification or reversal of the judgment appealed from, whether such party be plaintiff, defendant or intervenor, and whether he appears or is in default. (*Titiman v. Alamance Min. Co.*, 9 Ida. 240, 74 Pac. 529; *Baker v. Drews*, 9 Ida. 276, 74 Pac. 1130; *Coffin v. Edgington*, 2 Ida. 627 (595), 23 Pac. 80; *Lydon v. Godard*, 5 Ida. 607, 51 Pac. 459; *Lewiston Nat. Bank v. Tefft*, 6 Ida. 104, 53 Pac. 271.)

AILSHIE, J.—This action was commenced in the district court of Cassia county for the purpose of reforming a decree previously rendered in that court, in a suit involving the priority of appropriation of water from what is known as Raft river. Judgment was rendered in favor of the plaintiff, and this appeal is from the judgment and from an order over-ruling a motion for a new trial.

In this court the respondents make three several motions: First, a motion to dismiss the appeal; second, a motion to strike the transcript from the files; third, to strike statement on motion for new trial from the transcript.

We will consider these several motions together, as they appear to be so treated in the briefs. It is first contended that the transcript was not filed within sixty days after the appeal was perfected. It appears that the appeal was perfected, if at all, on December 27, 1909, and that the transcript was filed on the 5th day of March, 1910. There appears in the files a stipulation signed by counsel for plaintiff and defendants, giving the appellants until the 12th day of March, 1910, within which to file and serve their transcript on appeal. This is one of the matters within the power of counsel to cover by a stipulation, and the transcript, having been filed on the 5th day of March, was within the extension of the stipulation, and in time.

It is next contended that the transcript has not been certified to be correct by the attorneys for the parties, or by the clerk. It appears from the files that two sets of transcripts were filed in this case, and that one copy of one set is properly certified by the clerk, while in all the other copies the certificate appears printed, and the signature of the clerk is printed; but inasmuch as one copy is properly certified and signed, the objection is not well taken.

It is next urged that neither the first page nor the cover of the transcript states the title of the case, or who are appellants or respondents. Rule 16 of this court requires the first page and cover of the transcript to state the title of the case in the court below, substituting the words "appellant" and "respondent" for "plaintiff" and "defendant" and names of counsel for appellant and respondent. A reference to the transcript shows that on the cover a number of persons are named as plaintiffs, followed by the words "et al.," and they are designated as plaintiffs and respondents; and the names of a number of defendants with the words "et al." added, and they are designated as defendants and appellants. In this

connection it is contended on behalf of respondents that the Raft River Water Co. is the only defendant in this case, and that it is not named as appellant. This question will be considered later; but we are of the opinion that the cover of the transcript substantially conforms to the rules of the court, and that the failure to print the names of all the appellants or respondents does not "obstruct the examination of the record."

It is next urged that the transcript does not contain the judgment-roll, or a copy thereof, in that it does not contain the pleadings in the case except the complaint of the plaintiff and the answer of the defendant, the Raft River Land & Livestock Co. In this connection it is proper to state that counsel for appellant admit that the appeal from the judgment in this case must be dismissed, for the reason that the appeal was not taken within one year from date of judgment. On an appeal from an order refusing a new trial the judgment-roll is not necessarily a part of the record. Rev. Codes, sec. 4443, provides that, "The judgment-roll and the affidavits, or the records and files in the action, or bill of exceptions, or statement, as the case may be, used on the hearing, with a copy of the order made, shall constitute the record to be used on appeal from the order granting or refusing a new trial, unless the motion be made on the minutes of the court, and in that case the judgment-roll and a statement to be subsequently prepared, with a copy of the order, shall constitute the record on appeal."

Under the provisions of the foregoing section of the statute, the judgment-roll does not become a part of the record on appeal from an order granting or denying a motion for a new trial, unless the same was used on the hearing of the motion in the lower court. The record in this case does not show whether the judgment-roll was used on the hearing in the lower court, and we have no information as to whether it was or was not considered on the hearing of the motion. Under the rule which has been uniformly followed in this court, the record must affirmatively show what papers, records and files were used on the hearing, and unless such fact is made to

appear, this court cannot consider an appeal from an order granting or refusing a new trial. (*Village of Sandpoint v. Doyle*, 9 Ida. 236, 74 Pac. 861; *Doust v. Rocky Mountain Bell Tel. Co.*, 14 Ida. 679, 95 Pac. 209; *Knutsen v. Phillips*, 16 Ida. 267, 101 Pac. 596.) For the foregoing reason, it will be necessary to dismiss the appeal. Even if the case were retained here, we would be unable to examine and pass upon the ruling of the court in denying a new trial, because we are not advised as to what he had before him at the hearing.

It is next urged that the notice of appeal has not been given sufficient service to authorize the appeal. There appears in the record two notices of appeal. The first is addressed to the clerk of the district court and to Hawley, Puckett & Hawley, attorneys for W. E. Johnston, and others, and gives notice that the defendants appeal from the judgment rendered on the 22d day of August, 1908, in favor of the plaintiffs, and from the order overruling and denying the motion for a new trial, dated November 20, 1909; this notice is dated December 21, 1909, and is signed by W. L. Maginnis and J. C. Rogers, "attorneys for said defendants." This notice was served upon Hawley, Puckett & Hawley, and was filed in the office of the clerk of the district court, December 27, 1909.

The second notice of appeal is addressed "to the clerk of the court and the defendants, the Albion Idaho Land Co. and its attorney, C. C. Richards, and the other defendants except the Raft River Land & Livestock Co. and their attorney, O. R. Hale," and gives notice that the Raft River Land & Livestock Co. appeals from the decree entered on the 22d day of August, 1908, and from the order denying the motion for a new trial, entered on the 20th day of November, 1909. This notice is also signed by W. L. Maginnis and J. C. Rogers, "attorneys for defendants," and receipt of a copy thereof is acknowledged by C. C. Richards, attorney for Albion Idaho Land Co., and O. R. Hale, attorney for Philip Burroughs "et al. and other defendants."

It is admitted that the notices of appeal were given and served more than one year after the entry of judgment, and that the appeal from the judgment must be dismissed. These

notices will, therefore, be considered only with reference to the appeal from the order denying the motion for a new trial.

It is contended by counsel for respondent that neither of these notices was served upon the other defendants who are necessarily adverse parties, and that the appeal should be dismissed for that reason, while it is contended by counsel for appellant that since they have signed this notice of appeal as "attorneys for defendants," it must be deemed that they took the appeal on behalf of all the defendants. Of course, if the appeal was taken on behalf of all the defendants, then it was not necessary to serve any of the defendants; but if, as contended by respondents, the appeal was taken only on behalf of the Raft River Land & Livestock Co., under the decisions of this court (*Titiman v. Alamance Min. Co.*, 9 Ida. 240, 74 Pac. 529; *Baker v. Drews*, 9 Ida. 276, 74 Pac. 1130; *Nelson Bennett Co. v. Twin Falls etc. Co.*, 13 Ida. 771, 92 Pac. 980, 13 Am. & Eng. Ann. Cas. 172), it was necessary and indispensable that it serve the other defendants.

It will be noticed that the defendant appeals from the order denying and overruling the motion for a new trial. When we turn to the motion for a new trial, we find that it was only made by the Raft River Land & Livestock Co., and so far as the record shows no motion for a new trial was made by any of the other defendants. We also observe from the record that the orders made by the trial court granting extensions of time for the preparation and service of the statement on motion for a new trial were given to the Raft River Land & Livestock Co. only. We also find running throughout the record that W. L. Maginnis and J. C. Rogers represented only the defendant Raft River Land & Livestock Co.

In view of the condition of the record, we do not see how this court could fairly hold that the appeal had been taken by Maginnis and Rogers for and on behalf of all the defendants. On the contrary, it is apparent from the record that Maginnis and Rogers only represented the Raft River Land & Livestock Co., and that the motion for a new trial was made only on behalf of that defendant, and that the appeal has been prosecuted by that defendant only. With this proposition once

conceded, it follows that no service of the notice of appeal has been made on the other defendants, and it is equally apparent that the other defendants are adverse parties within the rule that has been uniformly observed by this court.

Since we arrive at the foregoing conclusions, it is unnecessary to consider any further questions presented on the motion to dismiss the appeal. The appeal from the judgment and also from the order denying the motion for a new trial should be dismissed, and it is so ordered. Costs awarded in favor of respondent.

Stewart, C. J., and Budge, District Judge, concur.

### ON PETITION FOR REHEARING.

#### (March 18, 1911.)

AILSHIE, Presiding J.—In this case a petition for rehearing has been filed, and, in the first place, our attention is called to a certificate made by the judge of the district court and dated March 29, 1910, wherein he certifies to the papers, records and files that were used and considered by him on the hearing of the motion for a new trial in this case. This certificate was not called to our attention on the original hearing and is not contained in all the transcripts, but is only found in one transcript, and is typewritten and has been pasted in between pages 478 and 479 of one of the transcripts. It seems that two sets of transcripts were filed in this case—one in March and the other in September. The transcript containing this certificate was not submitted to the court on the hearing or upon the consideration of the case, and so this certificate escaped our attention. The certificate seems to be in conformity with the statute and sufficiently identifies the papers, records and files that were used on the hearing of the motion. That fact, therefore, renders what was said in the original opinion with reference to making of certificates inapplicable to this case.

Notwithstanding the certificate above mentioned, the appeal must still be dismissed, on the ground that there was a failure

to serve notice on all the adverse parties, and what was said in the original opinion with reference to this subject will still stand as the opinion of the court, and renders it necessary that we dismiss the appeal.

It is insisted by the petition for rehearing, first, that Maginnis and Rogers appear from the record to have taken the appeal on behalf of all the defendants. As we observed in the original opinion, the record to our minds disproves this contention. But there is still another reason why that position is untenable. The motion for a new trial was only made on behalf of the Raft River Land & Livestock Co.. The motion was denied. The only defendant, therefore, that could appeal from the order denying that motion was the Raft River Land & Livestock Co. The other defendants, who did not join in the motion and who made no motion for a new trial, had no grievance on the score of the refusal by the court to grant a new trial.

It is contended further that this appeal should be considered on behalf of all the defendants, for the reason that their interests are the same,—common, and in no way conflict one with the other. While that might be true as a matter of fact, still it is not so disclosed by the record. On the other hand, if we are to judge the matter from the record, we must conclude that their interests are diverse and conflicting. It is seldom the case in a water suit that the interests of the defendants are common; they are ordinarily just as diverse and antagonistic to each other as they are to the plaintiff.

The original order of the court dismissing the appeal in this case must stand as the judgment of the court, and it is so ordered. The petition is denied.