(November 19, 1913.)

## A. J. STEENSLAND, Appellant, v. C. B. HESS, Respondent.

### [136 Pac. 1124.]

CERTIFICATE TO TRANSCRIPT—MOTION TO DISMISS APPEAL—AMENDMENT OF CERTIFICATE—SERVICE OF COST BILL—ALLOWANCE OF COSTS GOVERNED BY STATUTE—SERVICE OF COST BILL JURISDICTIONAL.

1. Where a clerk's certificate to a transcript is insufficient and does not properly certify the record, as required by the statute and the rules of the court, the same may be amended on motion of the appellant prior to the final submission of the case.

2. The allowance of costs is not a matter left to the discretion of the court but is governed by the statute, and where there is no statute authorizing costs, no costs are allowable in an action at law.

3. Under the provisions of sec. 4912, Rev. Codes, a party in whose favor a judgment is rendered who claims his costs must, within five days after the verdict or notice of the decision of the court, file with the clerk and serve upon the adverse party or his attorney a copy of his itemized memorandum of costs and disbursements, and a failure to both serve and file the same within the time

prescribed by the statute is fatal, and costs cannot be allowed where the statute is not complied with.

4. Filing and service of cost bill is jurisdictional, and it is the evident purpose of the statute to require the party claiming costs to furnish the adverse party with an itemized statement of the same so as to enable him to file his objections to any item therein contained or to the whole cost bill for any cause which may appear to be good grounds for disallowing the same.

APPEAL from the District Court of the Fourth Judicial District for Gooding County. Hon. Edward A. Walters, Judge.

From an order refusing to strike a cost bill from the files and to disallow costs plaintiff appeals. *Reversed.*

T. E. Bennett and E. K. Walsh, for Appellant.

The provision of sec. 4912, Rev. Codes, relating to the service of the copy of the memorandum of costs on the adverse party is mandatory. (*Stickney v. Berry,* 7 Ida. 303, 62 Pac. 924; *Riddell v. Harrell,* 71 Cal. 254, 12 Pac. 67.)

When service of the memorandum of costs is not made on the adverse party or his attorney within the statutory time, the memorandum filed will be stricken from the files on motion. (*Dow v. Ross,* 90 Cal. 562, 27 Pac. 409; *Mallory v. See,* 129 Cal. 356, 61 Pac. 1123; *Mullally v. Irish-American Benev. Soc.,* 69 Cal. 559, 11 Pac. 215; *Thompson v. Brannan,* 76 Cal. 618, 18 Pac. 783; *Orr v. Haskell,* 2 Mont. 350; *State v. District Court,* 27 Mont. 40, 69 Pac. 244; *Miller v. Shute,* 55 Or. 603, 107 Pac. 467.)

Record proof of the service of the memorandum of costs within five days is a jurisdictional limitation on the power of the court to render judgment for costs. (*Reins v. King,* 27 Mont. 511, 71 Pac. 763; *State ex rel. Riddell v. District Court,* 33 Mont. 529, 85 Pac. 367; *O'Neal v. Donahue,* 57 Cal. 226; *Sellick v. De Carlow,* 95 Cal. 644, 30 Pac. 795; *State v. District Court,* 27 Mont. 40, 69 Pac. 244.)

The phrase "due process of law" includes notice, and a hearing before judgment. (*Hovey v. Eliolt,* 167 U. S. 409, 17

Sup. Ct. 841, 42 L. ed. 215; *Bell v. Superior Court,* 150 Cal. 31, 87 Pac. 1031; 29 Cyc. 1118, 1119; *Watson v. Walker,* 23 N. H. 471; *Warner v. Teachenor,* 2 Ida. 38, 2 Pac. 717.)

The papers and documents used on the hearing of the motion to strike from the files are properly identified by the corrected certificate of the clerk of the district court filed herein. (*Libby v. Spokane Valley etc. Co.,* 15 Ida. 467, 98 Pac. 715.)

If certificate of the clerk is incorrect, it is subject to correction by either party, upon suggestion of diminution of the record. (*Hall v. Jensen,* 14 Ida. 169, 93 Pac. 962; *Barrow v. Lewis Lumber Co.,* 14 Ida. 698, 95 Pac. 682; *Steve v. Bonners Ferry Lumber Co.,* 13 Ida. 393, 92 Pac. 363.)

W. T. Stafford, for Respondent.

The papers in the transcript are not properly identified as being the papers "used by the court below." (Supreme Court Rule No. 21, 96 Pac. ix; *Village of Sandpoint v. Doyle,* 9 Ida. 236, 74 Pac. 861; *Simmons Hardware Co. v. Alturas Com. Co.,* 4 Ida. 386, 39 Pac. 553; *Kootenai County v. Hope Lumber Co.,* 13 Ida. 267, 89 Pac. 1054; *Steve v. Bonners Ferry Lbr. Co.,* 13 Ida. 392, 92 Pac. 363; *Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962; *Johnston v. Bronson,* 19 Ida. 449, 114 Pac. 5.)

Notice is actual when it is given directly or personally to the person entitled to be notified. (1 Words and Phrases, 160.)

Whatever puts a party on inquiry amounts in judgment of law to notice. (*Merrill v. Pacific Transfer Co.,* 131 Cal. 582, 63 Pac. 915; *Lyons v. Leahy,* 15 Or. 8, 3 Am. St. 133, 13 Pac. 643.)

And constructive notice will be imputed to him if he designedly abstains from inquiry for the purpose of avoiding notice. (*Mackey v. Fullerton,* 7 Colo. 556, 4 Pac. 1198.)

AILSHIE, C. J.—In this case a motion has been made to dismiss the appeal on the grounds that no proper certificate of identification was attached to the transcript as required

by the rules of this court. The certificate which was attached to the transcript by the clerk is insufficient and falls within the rule announced in the following cases: Supreme Court Rule No. 21, 96 Pac. ix; *Village of Sandpoint v. Doyle,* 9 Ida. 236, 74 Pac. 861; *Simmons Hardware Co. v. Alturas Commercial Co.,* 4 Ida. 386, 39 Pac. 553; *Kootenai County v. Hope Lumber Co.,* 13 Ida. 262, 89 Pac. 1054; *Steve v. Bonners Ferry Lumber Co.,* 13 Ida. 384, 92 Pac. 363; *Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962; *Doust v. Rocky Mountain Bell Tel. Co.,* 14 Ida. 679, 95 Pac. 209; *Johnston v. Bronson,* 19 Ida. 449, 114 Pac. 5. The appellant, however, has filed a motion for leave to supply the record and has tendered and filed a certificate which satisfies the requirements of the rules of the court. The practice of allowing an amended certificate to a transcript has been established by several cases in this court. (*Barrow v. B. R. Lewis Lumber Co.,* 14 Ida. 698, 95 Pac. 682; *Steve v. Bonners Ferry Lumber Co.* (on rehearing), 13 Ida. 393, 92 Pac. 363.) The motion to dismiss the appeal must therefore be denied.

The only question raised on this appeal is the action of the trial court in refusing to strike the cost bill from the files. The cost bill was filed within the five days prescribed by the statute (sec. 4912, Rev. Codes) but was not served within that time. It appears that the attorney for defendant filed his cost bill, and thereupon stated to one of the attorneys for the plaintiff that "the cost bill has been filed," and the amount thereof, and requested him to pay the same, but did not make a service as prescribed by the statute or furnish the attorney with a copy of the cost bill containing the items as provided by statute. If the statute is mandatory and filing and serving the cost bill is jurisdictional, then the judgment of the trial court must be reversed. If it is directory only and not jurisdictional, the action of the trial court may be upheld.

The section of the statute involved is 4912, Rev. Codes, and reads as follows:

"The party in whose favor the judgment is rendered and who claims his costs, must, within five days after the verdict or notice of the decision of the court or referee, file with the

clerk, and serve upon the adverse party or his attorney, a copy of a memorandum of the items of his costs and necessary disbursements in the action or proceeding, which memorandum must be verified by the oath of the party or his attorney or agent, or by the clerk of his attorney, stating that to the best of his knowledge and belief, the items are correct and that the disbursements have been necessarily incurred in the action or proceeding.''

''A party dissatisfied with the costs claimed, may, within five days after the service upon him of the copy of the memorandum, file and serve upon the adverse party or his attorney, a notice of a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof at chambers.''

This statute came under the consideration of this court in *Stickney v. Berry,* 7 Ida. 303, 62 Pac. 924, a case where a cost bill had been stricken from the files, on the ground that it had not been filed within the time prescribed by the statute. The court said: ''This statute is mandatory in its terms. The memorandum was not filed in time. . . . . The order striking out the cost bill was proper.''

California seems to have a similar statute and has held to the same doctrine in *Riddell v. Harrell,* 71 Cal. 254, 12 Pac. 67; *Dow v. Ross,* 90 Cal. 562, 27 Pac. 409; *Mallory v. See,* 129 Cal. 356, 61 Pac. 1123; *Mullally v. Irish-American Benev. Soc.,* 69 Cal. 559, 11 Pac. 215; *Thompson v. Brannan,* 76 Cal. 618, 18 Pac. 783. The same doctrine has been maintained in Montana. (See *Orr v. Haskell,* 2 Mont. 350; *Reins v. King,* 27 Mont. 511, 71 Pac. 763; *Riddell v. District Court,* 33 Mont. 529, 85 Pac. 367.) A similar doctrine has been followed by the Oregon court in *Miller v. Shute,* 55 Or. 603, 107 Pac. 467.

Costs are statutory, and without a statute authorizing the taxing of costs in actions at law against a losing party no costs could be awarded. (*Schmelzel v. Board of Commissioners,* 16 Ida. 32, 133 Am. St. 89, 100 Pac. 106, 17 Ann. Cas. 1226, 21 L. R. A., N. S., 199; 11 Cyc. 24, 493.) The awarding of costs not being a matter within the discretion of the court but being governed and regulated by statute, the taxing thereof is

jurisdictional and the statute must be substantially complied with in settling and taxing the same. The fact that the adverse party has notice that a cost bill has been filed does not constitute service any more than notice that a complaint has been filed would constitute service in an action. This statute contemplates that the party who is called upon to pay costs shall be furnished with a copy of the memorandum of costs containing the items so that he may object to any or all items claimed and serve and file his objections within the time limited by the statute.

The judgment of the trial court must be reversed, and it is so ordered, and the cause is remanded with direction to take further proceedings in harmony herewith. Costs of this appeal are awarded in favor of appellant.

Sullivan and Stewart, JJ., concur.