(January 25, 1916.)

# FRANK .G. DUDACEK, Respondent, v. J. K. VAUGHT, Appellant.

[154 Pac. 995.]

ABSENCE OF STATUTORY CERTIFICATE TO TRANSCRIPT ON APPEAL—NON-COMPLIANCE WITH RULES OF COURT—DISMISSAL OF APPEAL.

1. Sec. 4819, Rev. Codes, provides that on appeal from an order, except an order granting or refusing new trial, the appellant must furnish the court with a copy of the papers used on the hearing in the court below. Sec. 4821, Rev. Codes, provides that the copies mentioned in sec. 4819, Rev. Codes, must be certified to be correct by the clerk or attorneys.

2. Where, upon an appeal from an order dismissing a motion for a new trial because same was not prosecuted with due diligence, the transcript contains no certificate showing that the papers and records therein were used by the judge upon the hearing of such motion, but merely contains a certificate from the clerk to the effect that it is a true and correct transcript of the proceedings therein contained, such certificate does not comply with the statutory requirement and the rules of this court, and the appeal will be dismissed.

APPEAL from the District Court of the Fourth Judicial District for Blaine County. Hon. Edward A. Walters, Judge.

Appeal from an order dismissing a motion for a new trial. Defendant appeals. Appeal dismissed.

Angel & Boyle, for appellant. .

F. C. White, C. H. Edwards and Sullivan, Sullivan & Baker, for respondent.

Counsel cite no authorities on points decided.

BOTHWELL, District Judge.—This is an appeal by the defendant, J. K. Vaught, from an order made by the Honor-

able Edward A. Walters, Judge of the Fourth Judicial District, sustaining objections to hearing a motion for a new trial and dismissing said motion because the same was not prosecuted with due diligence.

The transcript contains a certificate made by the clerk, certifying that the transcript was compiled and bound under his direction as a true and correct transcript of the proceedings therein contained. The transcript contains no certificate showing that the papers and records it contains were used by the trial judge upon the hearing. Thus under the record in this case, this court is required to pass upon an order of the trial court without knowing what papers and records were considered on the hearing.

Sec. 4819, Rev. Codes, provides that on appeal from an order, except an order granting or refusing a new trial, the appellant must furnish the court with a copy of papers used on the hearing in the court below.

Sec. 4821, Rev. Codes, provides that the copies mentioned in sec. 4819, *supra,* must be certified to be correct by the clerk or attorneys.

Rule 24 of this court, which was formerly Rule 21, prescribes a convenient form of certificate to be used on appeals of this nature. The transcript on appeal in this case was filed in this court on April 6, 1914. Respondent's brief was filed July 29, 1914, and the attention of counsel for appellant was therein directed to the failure of the transcript to contain a proper certificate, in the following language:

"It will be further noted that the transcript in this court does not contain the certificate required by Rule 21 of this court as to the papers used on the hearing of the contested motion, that is, the motion to dismiss and the objections to the hearing of the motion for a new trial. The record fails to show what papers were before the court or considered by it in passing upon the objections and motion of respondent."

The cause was assigned for hearing and oral argument on January 12, 1916, but was submitted only on briefs. Had appellant seriously desired the appellate court to pass upon the merits of his appeal, he has had ample time to suggest a

diminution of the record, as provided by Rule 32 of said court.

The question of the absence of the certificate that the transcript is required to contain, showing that the papers and records contained therein were used by the trial judge on an appeal from an order other than one granting or refusing a new trial has been before this court in *Simmons Hardware Co. v. Alturas Commercial Club,* 4 Ida. 386, 39 Pac. 553; *Village of Sand Point v. Doyle,* 9 Ida. 236, 74 Pac. 861; *Knutsen v. Phillips,* 16 Ida. 267, 101 Pac. 596; and from an order granting or refusing a new trial, in *Steve v. Bonners Ferry Lumber Co.,* 13 Ida. 384, 92 Pac. 363; *Doust v. Rocky Mt. Bell Tel. Co.,* 14 Ida. 677, 679, 95 Pac. 209; *Johnston v. Bronson,* 19 Ida. 449, 114 Pac. 5.

In the case of *Village of Sand Point v. Doyle, supra,* which was an appeal from an order granting a temporary injunction, the court said:

"The transcript in this case contains no certificate showing that the papers and records it contains were used by the judge upon the hearing, but merely contains a certificate from the clerk that they are true and correct copies of the papers it purports to contain as the same appear on file in his office. This certificate is good as far as it goes, but falls short of showing that the papers contained in the transcript were used by the district judge upon the hearing of the motion. Many other papers and documents might have been used for aught this record shows or many of the papers in this transcript may not have been presented to the judge at all. It would be a dangerous practice for this court to pass upon such appeals without having before it copies of all the papers used upon the hearing properly identified by certificates as contemplated by statute."

And so, in this case we may say, in addition to Rule 27 (formerly Rule 24), adopted by the supreme court of the state, which requires a strict compliance with the requirements of the rules concerning preparation of transcripts, that this being an appeal from an order under sec. 4819, Rev. Codes, other than granting or refusing a new trial, the appel-

lant must furnish the court with a copy of the papers used on the hearing in the court below; and under sec. 4821 the transcript must contain a certificate that they are the papers required by sec. 4819, and were the papers used on the hearing in the court below.

A failure to furnish such a certificate affords nothing for the appellate court to pass upon and will necessitate a dismissal of the appeal upon the court's own motion. A judgment affirming or reversing the order of the trial court, under the record in this case, would be purely conjecture. It follows that the appeal must be dismissed and it is so ordered. Costs awarded to respondent.

Budge and Morgan, JJ., concur.