(April 11, 1917.)

JOHN WALSH, Respondent, v. A. H. NIESS and UTAIDA ROD AND GUN CLUB, a Corporation, Appellants.

[164 Pac. 528.]

APPEAL—ABSENCE OF CERTIFICATE TO TRANSCRIPT—DISMISSAL BY COURT.
  *Held,* where the transcript or record on appeal from an order or contested motion does not contain a certificate that the papers therein contained constitute all the records, papers and files used or considered by the judge making the order on the hearing of the motion, as required by sec. 4821, Rev. Codes, and rule 24 of this court, the appeal will be dismissed under rule 27 of this court, on the court's own motion.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County.   Hon. James G. Gwinn, Judge.

Action to recover wages.   From a judgment for plaintiff, defendant appeals.   *Dismissed.*

N. D. Jackson and A. H. Wilkie, for Respondent.

A. H. McConnell, for Appellants.

Counsel cite no authorities on point decided.

BUDGE, C. J.—This is an appeal from an order dissolving an injunction and from an order denying a motion to set aside a default.

Upon an examination of the transcript we find that it contains no certificate, that the papers therein constitute all the records, papers and files used or considered by the judge on the hearing.

Sec. 4819, Rev. Codes, provides, that: "On appeal . . . . from an order, except an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, . . . . order appealed from, and of papers used on hearing in the court below."

Sec. 4821, Rev. Codes provides: "The copies provided for in the last three sections must be certified to be correct by the clerk or the attorneys. . . . . "

Rule 24 of this court requires a certificate to the transcript signed by the judge, clerk or attorneys and prescribes the form and the contents of such certificate. No such certificate appears in this transcript.

Rule 27 of this court, provides: "A strict compliance with the requirements of the rules concerning the preparation of transcripts will be exacted of the appellant or plaintiff in error in all cases by the Court, whether objection be made by the opposite party or not, and for any violation or neglect in these respects which is found to obstruct the examination of the record, the appeal may be dismissed . . . . "

The effect of the absence of the certificate that the transcript is required to contain, showing that the papers and records contained therein were all of the papers used by the trial judge on the hearing, has recently been considered by this court in the case of *Dudacek v. Vaught,* 28 Ida. 442, 154 Pac. 995. It is unnecessary to again review the authorities at length; the appeal will be dismissed. (*Simmons Hardware Co. v. Alturas Com. Co.,* 4 Ida. 386, 39 Pac. 553; *Village of Sand Point v. Doyle,* 9 Ida. 236, 74 Pac. 861; *Knutsen v. Phillips,* 16 Ida. 267, 101 Pac. 596; *Steve v. Bonners Ferry Lumber Co.,* 13 Ida. 384, 92 Pac. 363; *Doust v. Rocky Mountain Bell Tel. Co.,* 14 Ida. 677–679, 95 Pac. 209; *Johnston v. Bronson,* 19 Ida. 499, 114 Pac. 6; *Dudacek v. Vaught, supra.*)

The appeal is dismissed. Costs awarded to respondent.

Morgan and Rice, JJ., concur.