(October 1, 1917.)

FRED W. GLENN, Respondent, v. AULTMAN & TAYLOR MACHINERY COMPANY, a Corporation, Defendant; CHARLES H. DOBSON and W. F. FRAMBACH, Appellants.

[167 Pac. 1163.]

NOTICE OF APPEAL—TIME OF SERVICE—ABSENCE OF CERTIFICATE FROM TRANSCRIPT—DISMISSAL.

1.    Where the notice of appeal is not filed until after the expiration of the time fixed by statute, this court acquires no jurisdiction of the cause.

2. Where the transcript or record on appeal from an order deny-
ing a motion for a new trial does not contain a certificate of the trial
judge, clerk or attorneys that the papers therein contained con-
stitute all of the records, papers and files considered and acted upon
by the trial court, upon the hearing of the motion, as required by
sec. 4821, Rev. Codes, and Rule 24 of the rules of this court, the
appeal must be dismissed.

APPEAL from the District Court of the Fourth Judicial
District, for Twin Falls County. Hon. Wm. A. Babcock,
Judge.

Action to recover for services rendered. Judgment for
plaintiff. *Appeal dismissed.*

Turner K. Hackman, for Appellants.

Sweeley & Sweeley, for Respondent.

BUDGE, C. J.—This action was brought by Fred W.
Glenn against Aultman & Taylor Machinery Company, a cor-
poration, Charles H. Dobson and W. F. Frambach. The jury
returned a verdict against the defendants Dobson and Fram-
bach, upon which judgment was entered January 31, 1917.
Defendants Dobson and Frambach moved for a new trial,
which was denied, and an order entered thereon on April 3,
1917. Subsequent to the entry of the judgment it was dis-
covered that the name of Frambach had been omitted there-
from, and upon motion the trial court made an order on June
1, 1917, correcting the judgment theretofore signed and
entered by inserting therein the name of Frambach.

On June 1, 1917, Dobson and Frambach appealed: First,
from the judgment; and, second, from the order overruling
the motion for a new trial, which order was filed June 1, 1917.
The appeal was thereafter attempted to be perfected by the
filing of the notice of appeal, undertaking and transcript.

The case comes up at this time upon motion to dismiss the
appeals. The notice of appeal from the judgment was not
filed until approximately thirty days after the time for filing

same had expired, thereby conferring no jurisdiction upon this court to hear the same.

The order overruling the motion for a new trial cannot be reviewed by this court, for the reason that the transcript contains no certificate of the trial judge, clerk or the attorneys, as required by sec. 4821, Rev. Codes, and Rule 24 of the rules of this court, and there is no way to determine whether the papers contained in the record before us constitute all of the records, papers and files considered and acted upon by the trial court upon the hearing of the motion for a new trial. There is nothing, therefore, for the court to consider, and it follows that the appeal from the order of the court denying a new trial must be dismissed. (*Dudacek v. Vaught*, 28 Ida. 442, 154 Pac. 995; *Walsh v. Niess*, 30 Ida. 325, 164 Pac. 528.)

The appeals are dismissed. Costs awarded to respondent.