(No. 5425. March 6, 1930.)

C. T. HAMPTON and EMMA HAMPTON, Appellants, v. N. H. LEE and B. F. BUFFINGTON, Respondents.

[287 Pac. 205.]

Turner K. Hackman, for Appellants.

James R. Bothwell and W. Orr Chapman, for Respondents.

LEE, J.—Plaintiffs-appellants, Hamptons, sued defendants-respondents, Lee and Buffington, for damages arising from the removal of certain manure from plaintiffs' premises. Upon verdict duly returned, judgment was made and entered that "Plaintiffs recover nothing from the defendants, and that defendants do have and recover their costs, etc." Plaintiffs moved to strike from the cost bill certain items including one of $108 in favor of the witness Duncan, alleging that the latter charge was unnecessary and unreasonable in amount, had not been actually incurred, and that Duncan was not a material witness. The court sustained the motion except as to the last item, and from the ensuing order plaintiffs appealed.

In the record there is neither a copy of the motion nor any certificate of the trial judge indicating what papers were used on the hearing, as is required respectively by C. S., sec. 7164, and rule 21 of this court. Respondents have moved to dismiss the appeal, urging among other grounds appellants' failure to comply with said rule 21. The motion is well taken. It may be said in passing that there is no merit in plaintiffs' appeal. They contend that under the statutes costs cannot be allowed in a suit for damages when the amount involved falls below $100. This restriction refers solely to the costs of the party seeking recovery. A defendant sued for six bits, if successful in defeating his adversary's demand, is entitled to his costs as a matter of course. As to the claim that Duncan was not

a material witness, and that the charge for his attendance was exorbitant, unnecessary and not actually incurred, the record presents nothing in support. On the contrary, the cost bill bears the verification of defendants' attorney, reciting that "The items in the above memorandum contained are correct and that the said disbursements have been necessarily incurred in said action."

Appeal dismissed. Costs to respondents.

Givens, C. J., and Budge, Varian and McNaughton, JJ., concur.