(No. 6281 and No. 6292.  January 9, 1936.)

BERTHA EICHNER, Respondent, v. AUGUST MEYER
and ALMA MEYER, His Wife, Appellants, and HER-
MAN MEYER, Respondent.

[58 Pac. (2d) 845.]

Ben F. Tweedy, for Appellants.

Cox & Ware, for Respondent.

GIVENS, C. J.—Appellants' appeal is from an order denying their motion to vacate a sheriff's sale following foreclosure of a real estate mortgage, and an order granting respondent's motion for a writ of assistance following said sale, and striking appellants' pleadings and motions from the files in said matter. Appellants have also applied for writs of *mandamus*, prohibition and restitution, basing their application on, by incorporation therein by reference thereto of, the clerk's transcript in the appeal above referred to.

Respondent has moved to dismiss the appeal on the ground that the transcript has not been certified in accordance with Rule 23 of this court; the material portion of which is as follows:

"The transcript or record on appeal shall show that there is attached to or made a part of it all orders made by the judge disposing of a motion for a new trial, or any other contested motion, and all judgments on appeal from a board, commission, or inferior court, a certificate substantially as follows, signed by the judge, clerk, or attorneys, to wit: . . . ."

Two certificates are attached to the transcript, the first entitled Certificate and Additional Praecipe, the material portion of which is as follows:

"It is further hereby certified that the following papers, to-wit: (enumerating certain papers) all of which are of the records and files, were submitted to the Judge and by him used on the aforesaid motion of appellants for vacation of the sheriff's sale, filed in May, 1935, and constitute all the records, papers and files used or considered by said Judge on said motion on denial of said motion by his order refusing to vacate the said sheriff's sale."

signed only by appellants' attorney, and an Amended Certificate and Additional Praecipe as follows:

"WHEREAS, in his certificate heretofore filed, the attorney for defendants and appellants, by mistake, overlooked the affidavit filed in June 1935 by the appellants, and the affidavit being by the undersigned attorney, challenging the jurisdiction of, and disqualifying, Judge Gillies D. Hodge, and

"WHEREAS, this record and file should be stated in the enumeration of the first certificate as to the application for writ of assistance and as to plaintiff's motion to strike as being one used and considered by the Judge,

"NOW, THEREFORE, the undersigned amends said first certificate by inserting therein, following the last record or file, the following words and figures, just after the words 'filed in June 1935', to wit: 'Also the affidavit of Ben F. Tweedy, filed in June 1935, challenging the jurisdiction of

Judge Gillies D. Hodge over the subject-matter and disqualifying him.'

"The Clerk will incorporate this amendment of the said first certificate in the transcript to the Supreme Court." signed only by appellants' attorney.

While the court did not expressly state in *Simmons Hardware Co. and Standard Oil Co. v. Alturas Commercial Co.*, 4 Ida. 386, at 390, 39 Pac. 553, that a certificate as to the papers used by the judge on motions of this character had to be signed by attorneys for both parties, it mentioned such point but decided the case on other grounds. Considering Rules 23 and 30, and section 11–216, I. C. A., it is apparent that the certificate to be sufficient must be signed by the attorneys for all parties, and this certificate was therefore fatally defective. (*In the Matter of Christopher Medbury*, 48 Cal. 83.)

The motion to dismiss on the ground enumerated was served October 14, 1935, and filed on the 15th of October; the hearing on the appeal and on the motion and on the application for the writs was heard on November 8, 1935, but no application was made to amend the certificate by diminution of the record in contemplation of *Gloubitz v. Smeed Brothers*, 52 Ida. 725, 20 Pac. (2d) 198, or otherwise. This court has uniformly held that in the absence of a correct certificate an appeal of this nature must be dismissed. (*Village of Sand Point v. Doyle*, 9 Ida. 236, 74 Pac. 861; *Johnston v. Bronson*, 19 Ida. 449, 114 Pac. 5; *Dudacek v. Vaught*, 28 Ida. 442, 154 Pac. 995; *Walsh v. Niess et al.*, 30 Ida. 325, 164 Pac. 528; *Glenn v. Aultman & Taylor Machinery Co. et al.*, 30 Ida. 719, 167 Pac. 1163; *Bumpas v. Crawford Moore*, 31 Ida. 668, 175 Pac. 339; *Smith v. Benson*, 32 Ida. 99, 178 Pac. 480; *Biwer v. Van Dorn*, 32 Ida. 213, 179 Pac. 953; *Robinson v. School District*, 36 Ida. 133, 209 Pac. 726; *Muncey v. Security Insurance Co.*, 42 Ida. 782, 247 Pac. 785; *Brooks v. Lewiston Business College, Inc.*, 48 Ida. 71, 282 Pac. 378; *Hampton v. Lee*, 49 Ida. 22, 287 Pac. 205.)

Appellants' contention that the orders appealed from are in fact judgments obviating the necessity of a certificate

is untenable as they are clearly within the class of orders considered in the above authorities.

■ The application for the writs is insufficient without the transcript to enable the court to determine whether the lower court acted without jurisdiction or refused to act in such a manner as to justify the issuance of a writ of *mandamus* or prohibition, or that this court should issue a writ of restitution (without deciding whether or under what circumstances this court has jurisdiction or authority to issue a writ of restitution) ; therefore the petition for such writs is denied because of the indicated deficiency in the application therefor.

Appeal dismissed. Costs to respondent.

Budge, Morgan, Holden and Ailshie, JJ., concur.

Rehearing held June 6, 1936.