GLIDDEN *v.* WHITTIER *et al.*

(*Circuit Court, D. Idaho.* June 1, 1891.)

1. ATTACHMENT—MOTION TO DISSOLVE.
  Motion to discharge, under statute of Idaho, may be for the irregularity of its issue, even after the attached property has been redelivered to the defendant upon his giving the counter-undertaking provided for by statute.

2. SAME—SUFFICIENCY OF AFFIDAVIT.
  Affidavit is sufficient which alleges that plaintiff has no security by mortgage or lien upon real or personal property, although it omits the other statutory clause, "or pledge of personal property."

(*Syllabus by the Court.*)

At Law. Motion to discharge attachment.
*John R. McBride* and *Albert Allen,* for plaintiff.
*W. B. Heyburn,* for defendants.

BEATTY, J. This action was commenced in the state court for t county of Shoshone on the 31st day of July, 1891, and on the same the plaintiff caused certain ores, the property of the defendant, to tached. Two days thereafter the defendants made their appea in the cause, and moved for the release and redelivery to them attached property, upon the execution of a proper undertaking suance of section 4320, Rev. St. Idaho, and thereafter, on the of August, upon the hearing of such motion, the undertakin been given, the judge of such court ordered the redelivery to of all such property. On the 9th day of August the defenda said state court "to discharge the writ of attachment, and exor makers of the undertaking heretofore given, and to release operation of attachment the property attached," on account of t ularity in the affidavit upon which the attachment was originall This motion does not appear to have been determined in such st and is now here renewed.

The first question involved 'is whether the defendants, by the execution of the bond for the release to them of the attached property, waived their right to move the discharge of the attachment. It will be found upon an examination of the limited decisions on this subject that they are contradictory, chiefly, perhaps, from a difference in the statutes upon which they are based. It is provided by section 4319, Id., "that upon the execution of the undertaking mentioned in next section, an order may be made, releasing from the operation of the attachment all the property attached," and for its delivery to the defendant. It is evidently the design of this statute that the attached property shall pass into the absolute possession and control of the defendant on his execution of the proper bond. The plaintiff's claim or lien upon the property by virtue of his attachment is absolutely annulled, and it is entirely released from all claim of the law, and, in lieu of his attachment lien, plaintiff must rely upon the undertaking given by defendant. This undertaking would seem to be a new and independent contract, into which the defendant and his sureties enter, regardless of plaintiff's desire in the premises, but for his security. Generally when so made any irregularities in plaintiff's attachment proceedings are known to the defendant, and certainly in this case those now complained. of were fully known to defendants. It would seem clear upon principle that an undertaking entered into under such circumstances should be held a new and independent contract, and should operate as a waiver of all defects in, and objections to, the original attachment proceedings which the defendant could have made. So it would be held in this case if the statutes above referred to were not qualified by the next section, (4321,) which provides that "the defendant may also at any time, either before or after the release of the attached property apply on motion to the court that the writ of attachment be discharged, on the ground that the same was improperly or irregularly issued." This section, immediately following the two in which the mode of releasing property from attachment and redelivering it to the defendant is defined, must be construed with them, and it does clearly continue in the defendant the right to move the discharge of the writ of attachment for any irregularity in its issue, notwithstanding he may have before released his property by the execution of a proper undertaking. The defendants in this case have not ed their right to insist upon this motion for the discharge of the Was it improperly or irregularly issued? The defendants allege because plaintiff's affidavit, upon which it was issued, only al- t the payment of the debt sued for "has not been secured by gage or lien upon real or personal property," whereas section he statutes requires the additional allegation, "or any pledge of property." Does the omission of this clause render the affidavit n the affidavit be construed to have stated all required by the stat- is evident that the design of the statute is to give the creditor ilege of securing his debt by attachment only when he has not acquired some security by mortgage or lien upon real or personal or by a pledge of personal property. The important fact to

be shown by his affidavit is that he has not security for his claim.   A pledge of property cannot exist without its possession being placed under the control of the pledgee, and such pledge and possession give to such pledgee a lien upon such property.   A lien upon personal property may exist without controlling its possession, or without its being pledged, but a pledge cannot exist without creating a lien.   If the plaintiff had stated in his affidavit only that he had no security by a pledge of personal property, it would not follow that he might not have security by a lien; but the declaration that he has no lien does negative all possibility of his having a pledge.   It is therefore concluded the affidavit satisfies the requirements of the statute.

It is also objected that the undertaking on attachment is informal, but on comparing it with the statutory requirements it seems to be in exact compliance therewith.   It is frequently urged that attachment proceedings, being in derogation of the common law, must be strictly construed.   Whatever reason may have ever existed for the application of different rules of construction to different laws, or what such rule would require, need not be investigated here.   Section 4, Rev. St. Idaho, provides that such rules of construction shall have no application to such statutes, and that their provisions, and all proceedings under them, are to be "liberally construed, with a view to effect their objects and promote justice."   The motion to discharge the attachment is overruled.