[S. F. No. 198.   Department One.—July 24, 1896.]

## A. L. WILLIAMS, RESPONDENT, *v.* JOSEPH HAHN, APPELLANT.

ATTACHMENT—SALE OF PLEDGED PROPERTY—SECURITY RENDERED VALUE-
LESS—CONSTRUCTION OF CODE.—Where property pledged as security
for a debt has been sold pursuant to the authority given by the pledgor
to the pledgee, and the net proceeds applied upon the debt, the secu-
rity has become valueless as a security by the direction and authority
of the pledgor, and not by the act of the pledgee, within the meaning
of section 537 of the Code of Civil Procedure, and an attachment will
lie in an action to recover the remainder of the debt.

ID. — PRIVATE SALE OF PLEDGEE — AGREEMENT — WAIVER OF NOTICE —
MAXIM.—Where the pledgor has authorized the pledgee to sell the
pledged property at private sale only without notice to the pledgor, any
notice of such sale is thereby expressly waived, and under the maxim
*conventio vincit legem,* the agreement of the parties overcomes the pro-
vision of the law requiring a sale at public auction upon usual notice.

APPEAL from an order of the Superior Court of Napa
County denying a motion to dissolve an attachment.
E. D. HAM, Judge.

*A. E. Miller,* for Appellant.

Proceedings by attachment are statutory and special,
and the provisions of the statute must be strictly fol-
lowed, or no rights will be acquired thereunder. (*Rob-
erts* v. *Landecker,* 9 Cal. 262; *Gow* v. *Marshall,* 90 Cal. 567;
*Kohler* v. *Agassiz,* 99 Cal. 12.)   As the contract was
originally secured by pledge of personal property, and
the security has not become valueless, the attachment
was unauthorized. (Code Civ. Proc., secs. 537, 538;
*Gessner* v. *Palmateer,* 89 Cal. 94; *Barbieri* v. *Ramelli,* 84
Cal. 157.)   If the security became valueless it was by
the act of plaintiff in selling the wine.   The sale was
void because there was no notice to the public, which
had not been waived.   (Webster's Unabridged Diction-
ary, tit. "Auctions"; Civ. Code, sec. 3005; *Bendel* v.
*Crystal Ice Co.,* 82 Cal. 201.)

*H. M. Barstow,* for Respondent.

The creditor whose security has been applied prop-

erly, or exhausted without his fault, stands the same before the law as the holder of a demand that never was secured. (*Porter* v. *Brooks,* 35 Cal. 199; *Mauge* v. *Heringhi,* 26 Cal. 577.)

Harrison, J.—The defendant executed his promissory note to W. B. Bourn, November 8, 1890, for the sum of two thousand dollars, payable six months after date, and, at the same time, delivered to him twenty-seven thousand gallons of wine as collateral security for its payment, with authority to the payee, or his assigns, in case of default in the payment of the note, to sell the same and apply the proceeds upon the note. This authority is in the following terms:

"Should the note or any part thereof, or the interest accruing thereon, remain due and unpaid after the same should have been paid according to the tenor of said note, I hereby waive demand of payment of said note, and irrevocably authorize and empower said W. B. Bourn, or his assigns, to sell and dispose of the above-described property, or any part thereof, at public or private sale, with or without notice to me of any such sale, and out of the proceeds of such sale to pay the costs and charges for the storage and care of said property, the charges and costs of such sale, and the principal and interest due upon said note, and to pay over the balance, if any, to me or my representative, upon demand."

The defendant did not pay the note at its maturity, and thereafter the plaintiff, to whom the note had been assigned, sold the wine, and applied the proceeds of said sale, after deducting certain charges and expenses, as a payment upon the note. The present action was brought to recover the amount remaining due on the note, and, at the commencement of the action, a writ of attachment was issued at the instance of the plaintiff. The defendant moved to dissolve the attachment, upon the ground that the note was originally secured by a pledge of personal property, and that the same had not

become valueless. It was shown to the court that the wine was sold by the plaintiff for more than its market value at the time of the sale, but it did not appear that the plaintiff gave any notice of the sale. The court denied the motion, and the present appeal is from that order.

By the provisions of section 537 of the Code of Civil Procedure, the plaintiff is not entitled to a writ of attachment if the debt sued for is secured by a pledge of personal property, or, if originally so secured, such security has, without any act of the plaintiff or the person to whom the security was given, become valueless. It is contended by the appellant that the latter of these conditions existed in the present case—that the security, that is, the wine which was pledged, has not become valueless, and that, if the sale of the wine has rendered the security valueless, this was by the direct act of the plaintiff.

Upon the sale of the pledged property by the plaintiff, and the application of the proceeds upon the note, the plaintiff ceased to have any security for the payment of the amount then due upon the note, and the "security" originally given had become valueless. The language used in section 537 of the Code of Civil Procedure is not to be construed as meaning that the property pledged must itself have become valueless before the plaintiff can have an attachment, but the provision that the "security" must have become valueless must be construed as meaning that the property pledged has ceased to have any value *as a security*, and, if the property has been disposed of in accordance with the very terms under which it was given and held as a security, the "security" has ceased to exist, and is therefore valueless. The sale by the plaintiff, under the authority given by the defendant in the note itself, has the same effect as though it had been made under the provisions of the Civil Code. It must also be held that it was by the direction and authority of the defendant that the "security," which existed while the wine was held by the

plaintiff, became valueless, and that it did not become valueless by the act of the plaintiff. By the terms of the agreement under which the security was given, the defendant had authorized and empowered the plaintiff to sell the wine upon his default in making payment of the note, and the sale thus made must be regarded as made by the direction of the defendant.

The plaintiff was not required to give any notice of the sale. The defendant had expressly waived all notice to himself, and had authorized the plaintiff to sell the wine at private sale. The case of *Bendel* v. *Crystal Ice Co.*, 82 Cal. 201, is not applicable. In that case the mortgagee was merely empowered to sell the mortgaged property " by proceedings had and taken as in cases of pledges." The mortgagor waived notice to himself of the time and place of sale, but did not authorize a private sale of the property. It was held that the sale should have been at public auction, and upon such notice to the public as is usual at the place of sale in respect to auction sales of similar property, as required by section 3005 of the Civil Code. In the present case these provisions were superseded by the agreement of the parties, as well in respect to the notice as to the manner in which the sale should be made. *Conventio vincit legem.*

The order is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.