(April 13, 1909.)

J. O. KNUTSEN, Respondent, v. WILLIAM PHILLIPS, Appellant.

[101 Pac. 596.]

MOTION TO DISMISS APPEAL — ATTACHMENT — MOTION TO DISCHARGE WRIT—AFFIDAVIT FOR—WHEN NOT SUFFICIENT—LIBERAL CONSTRUCTION.

1. Where the certificate to the transcript is not sufficient to identify the papers used by the trial court or judge in the decision from which the appeal is taken, such certificate may be amended by a new certificate or otherwise, if application is made therefor before the hearing of the motion to dismiss.

2. Under the provisions of sec. 4, Rev. Codes of 1909, an affidavit for a writ of attachment must be liberally construed, and must be held sufficient if it appears that the language therein used is substantially equivalent to that used in sec. 4303, Rev. Codes; otherwise not.

3. Under the provisions of subd. 1, sec. 4303, Rev. Codes, the clerk of the court must issue the writ of attachment upon receiv-

ing an affidavit by or on behalf of the plaintiff setting forth *inter alia* that the payment of the debt sought to be collected "has not been secured by any mortgage or lien upon real or personal property or any pledge of personal property," etc.

4. Where the affidavit partially follows the language of the statute in regard to the debt not being secured, and fails to state that it is not secured by "pledge of personal property," and contains no statement equivalent to that, the affidavit is not sufficient, as it does not contain the language of the statute or language equivalent to that required by the statute.

5. The statements required in the affidavit must be in the language of the statute or in language of the same meaning.

6. This court declines to follow the construction of the statute under consideration as construed in *Glidden v. Whittier,* 46 Fed. 437.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District, for Kootenai County. Hon. William W. Woods, Judge.

Proceeding to dissolve attachment. Application denied. *Reversed.*

R. E. McFarland, for Appellant.

If the words of the affidavit are in substantial compliance with the terms of the statute, that will be sufficient, but where language other than that of the statute is used in the affidavit, it should be clear and substantially equivalent to that used by the statute. (3 Ency. Pl. & Pr. 10, 11.) "The statutory requirement of the affidavit is a jurisdictional one, and consequently its omission will render all subsequent proceedings void in the absence of any saving provision in the statute to the contrary." (3 Ency. Pl. & Pr. 824; *Ross v. Gold Ridge Mining Co.,* 14 Ida. 687, 95 Pac. 821.) In the absence of legislation prescribing a more liberal rule, statutes providing for attachment are strictly construed. (*Elliot v. Jackson,* 3 Wis. 649; *Hynson v. Taylor,* 3 Ark. 552; *Shirley v. The Bride,* 5 La. Ann. 260; *Moore v. Hamilton,* 7 Ill. 429.)

Black & Wernette, and E. N. La Veine, for Respondent.

The certificate of the trial judge does not show that the order in this pretended transcript was the order made by said judge from which this appeal is taken. (*Doust v. Rocky Mountain Bell Tel. Co.,* 14 Ida. 677, 95 Pac. 209; *Sand Point v. Doyle,* 9 Ida. 236, 74 Pac. 861.)

The affidavit for attachment is sufficient, and fulfills every requirement of the statute without the words ''or any pledge of personal property.'' (*Glidden v. Whittier,* 46 Fed. 437.) Every authority cited by appellant holds that a substantial compliance with the terms of the statute will be sufficient (3 Ency. Pl. & Pr. 10, 11, 26); or the use of language of the same purport or meaning. (*Ross v. Gold Ridge Min. Co.,* 14 Ida. 687, 95 Pac. 821; *O'Conor v. Witherby,* 112 Cal. 38, 44 Pac. 340.)

''The affidavit for attachment need not state the facts out of which the indebtedness of the defendant to plaintiff arose.'' (*Weaver v. Hayward,* 41 Cal. 117; *Newell v. Whitwell,* 16 Mont. 243, 40 Pac. 867.)

SULLIVAN, C. J.—This is an appeal from an order denying a motion for the dissolution of an attachment. A motion has been made to dismiss the appeal upon several grounds, the principal one being that a certificate attached to the transcript is not sufficient to show what papers were considered by the judge in considering the motion to dissolve the attachment. Before the motion to dismiss was finally submitted, a certificate from the judge who decided the matter was filed. That certificate points out specifically what papers were considered on the hearing of said motion and such papers are in the transcript. The motion to dismiss is therefore denied.

It is urged by respondent that the transcript contains the pleadings and other matter not necessary or required to appear in the transcript on this appeal. On an examination of the transcript, we find that it contains sixty-four pages, and that the complaint, answer and other matter not necessary to be contained in the transcript occupy forty pages. The transcript, therefore, contains forty pages of unneces-

sary matter and cannot be charged against the respondent in case he lose on this appeal.

The only error assigned is that the court erred in overruling the appellant's motion to dissolve the attachment. Said motion was based upon the ground that the affidavit for the attachment was not sufficient under the provisions of subdivision 1, sec. 4303, Revised Codes of 1909, which is as follows:

"The clerk of the court must issue the writ of attachment, upon receiving an affidavit by or on behalf of the plaintiff, setting forth:

"1. That the defendant is indebted to the plaintiff (specifying the amount of such indebtedness over and above all legal setoffs or counterclaims) and whether upon a judgment or upon a contract for the direct payment of money, and that the payment of the same has not been secured by any mortgage or lien upon real or personal property, or any pledge of personal property, or, if originally secured, that such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless."

The affidavit for the writ of attachment was as follows:

"J. O. Knutsen, being of lawful age, being first duly sworn, on oath deposes and says: That he is the plaintiff in the above-entitled action; that the defendant, William Phillips, is indebted to plaintiff in the sum of $3,069, over and above all legal setoffs or counterclaims, and that the said amount is now due from said defendant to the plaintiff upon express contracts for the direct payment of money, which is now due, and that the payment of the same has not been secured by any mortgage or lien upon real or personal property, and that the attachment is not sought and the action is not prosecuted to hinder, delay or defraud any creditor of the defendant."

It is contended by counsel for appellant that the affidavit for attachment is insufficient and void, for the reason that it does not conform to the requirements of said provisions of the statute, in that it does not state that the indebtedness or demand "has not been secured by . . . . any pledge of personal property."

Under the rule of liberal construction of statutes, as provided by section 4 of the Revised Codes, said affidavit should be held sufficient if it appears that language used is substantially equivalent to that used in subdivision 1, sec. 4303, Revised Codes. (3 Ency. Pl. & Pr. 10.) It appears from the affidavit that there was no attempt to use language the equivalent of that used in said section of the statute. The affidavit follows the statute thus far, to wit: "and that the payment of the same has not been secured by any mortgage or lien upon real or personal property," but fails to contain the following clause: "or any pledge of personal property." That statute provides that three things must be stated in the affidavit, to wit: That the debt is not secured by any "mortgage"; or lien upon real or personal property; or any pledge of personal property. Now, if the plaintiff had used in that affidavit language covering an equivalent of those three things especially stated in said statute, the affidavit would be sufficient. But as the plaintiff has followed the statute in part and omitted that part which provides that affiant must swear that the debt is not secured by "any pledge of personal property," the affidavit is not sufficient. The remedy by attachment is summary and severe, and the statute in regard to the affidavit on which the issuance of the writ is based must be substantially complied with. And where the affidavit proceeds to follow the language of the statute and omits one of the important elements which the statute provides that it must contain, the affidavit is not sufficient.

In opposition to this view, counsel for respondent has cited *Glidden v. Whittier,* 46 Fed. 437. In passing upon the identical question here under consideration, the court said:

"It is evident that the design of the statute is to give the creditor the privilege of securing his debt by attachment only when he has not already acquired some security by mortgage or lien upon real or personal property, or by a pledge of personal property. The important fact to be shown by his affidavit is that he has not security for his claim. A pledge of property cannot exist without its possession being placed under the control of the pledgee, and such pledge and pos-

session give to such pledgee a lien upon such property. A lien upon personal property may exist without controlling its possession, or without its being pledged, but a pledge cannot exist without creating a lien. If the plaintiff had stated in his affidavit only that he had no security by a pledge of personal property, it would not follow that he might not have security by a lien; but the declaration that he has no lien does not negative all possibility of his having a pledge," and concludes that the affidavit satisfies the requirements of the statute.

In the case of *O'Conor v. Witherby,* 112 Cal. 38, 44 Pac. 340, the court had under consideration an undertaking that contained the following clause: "That the payment of the same has not been secured by any mortgage or lien upon real or personal property or any pledge *upon* personal property." The court said:

"The statute uses the word 'of' instead of 'upon.' It is said that a pledge 'upon' personal property is meaningless. The intention of affiant, however, is plain, and it might properly be held a mere clerical error which would not affect its sufficiency."

And the court further says: "If that clause of the affidavit had been omitted, we should be compelled to hold that it was sufficient. The declaration that he has no lien upon personal property negatives all possibility of his having a pledge; for if he had a pledge of personal property, he must have had a lien upon it. It was expressly so decided in *Glidden v. Whittier,* 46 Fed. 437."

In that case it was not necessary for the court to pass upon the question of the words "or any pledge of personal property" from the undertaking, as the undertaking there under consideration contained those words, and the only question in that case was whether the change of the word "of" as used in the statute to "upon" vitiated the undertaking, and what the court there said in regard to the omission of the phrase "or any pledge of personal property" was *dictum.*

The legislature evidently had some purpose in view in requiring the affidavit to state that the debt sued for "had not

been secured by any mortgage or lien upon real or personal property or any pledge of personal property," or they would have simply used the word "lien," as a mortgage is a lien and a pledge is a lien. This court is not inclined to follow the decisions of the federal and California courts upon the construction of this statute. The affidavit in the case at bar did undertake to follow the statute and followed it in two particulars only: the first, so far as a mortgage was concerned, and second, so far as a lien on real or personal property was concerned; but left out that part of the statute requiring it to state that the debt sued for had not been secured by "any pledge of personal property." If a criminal prosecution for perjury were based on this undertaking on the ground that the plaintiff did have security by way of pledge of personal property, and swore falsely, plaintiff no doubt would make the defense that the affidavit only included two classes of security mentioned in the statute and omitted the third, that of lien by pledge. The legislature evidently had some well-defined intention in view when it used the language it did in said section, and provided that the affidavit must show that the debt was not secured by any mortgage or lien upon real or personal property or any pledge of personal property. They evidently did not consider that the affidavit would be sufficient if it simply stated that the plaintiff had no security whatever for the debt sued on, and hence particular specifications were made. We therefore hold that the affidavit is not sufficient and that the court erred in overruling the motion to discharge the attachment.

This court held in *Ross v. Gold Ridge Mining Co.,* 14 Ida. 687, 95 Pac. 821, that an affidavit of attachment should set forth the statutory requirements either in the language of the statute or in language of substantially the same purport or meaning. That case is not in point here, for the reason that the affidavit in the case at bar did undertake to set forth the exact language of the statute, and failed to do so by leaving out one of the three kinds of liens mentioned therein. It did not undertake to use language of the same import or meaning.

Another question is raised on this appeal in regard to the sufficiency of the undertaking. The undertaking was for $3,099.23, and it is contended that as only one of the sureties justified in that sum, and the other for only $1,500, the undertaking is void. As this question was not raised in the court below, it is not proper for us to pass upon it here. The motion made in the trial court for the discharge of the attachment is confined wholly to the defects in the affidavit for the writ, and the question of the sufficiency of the undertaking cannot for the first time be raised on this appeal.

For the reasons above given, the order of the court denying the motion to discharge the attachment must be set aside, and it is so ordered. The cause is remanded for further proceedings in accordance with the views expressed in this opinion. The appellant is entitled to all of his costs on appeal except for forty pages of unnecessary matter contained in the transcript.

Stewart and Ailshie, JJ., concur.