WILKES *v.* ALLEGAN FRUIT & PRODUCE CO.

1. PLEDGES—DEFAULT—WAIVER OF NOTICE OF SALE NOT PROHIBITED
   BY STATUTE. ·
   
   There being nothing in the statute (3 Comp. Laws ·1915,
   § 11917) providing for the sale of pledged securities upon
   default which prohibits the pledgor from waiving notice
   of sale, the courts will not read into it a mandate not
   found there and one contrary to the right of contract.[1]

2. SAME—STATUTE PROVIDES PROCEDURE TO BE FOLLOWED WHERE
   NOT AGREED UPON.
   
   While said statute abrogates the holdings that a contract
   power to sell pledged securities at public or private sale
   on default impliedly waives notice of sale, it does not
   outlaw waiver of rights but provides the power of sale
   and the procedure to be followed in the absence of agreed
   procedure.[2]

3. SAME—POWER TO SELL WITHOUT NOTICE NOT LOST BY DELAY.
   The special contract power to sell pledged securities on
   default without notice to the pledgor was continuous and
   was not lost by indulgence of the debtor in not selling
   quickly upon default and in conversations with the ad-
   ministrator of the debtor's estate relative to the pledge,
   whether or not in said conversations the pledgee com-
   prehended the full extent of the contract.[3]

4. SAME—VALID SALE OF PLEDGED STOCK WILL NOT BE SET ASIDE
   —VALUE OF STOCK NOT INQUIRED INTO.
   
   Where the sale at par of pledged stock without notice
   to the pledgor, on default, was valid, the court will not
   enter into an investigation of the financial affairs of the
   corporation on the claim that the sale should be set aside
   because the stock was worth more than par, under the
   evidence in this case.[4]

5. SAME—OFFER TO PAY PART OF INDEBTEDNESS ONLY PROPERLY
   REFUSED.
   
   Where an offer to pay the pledgee was of a part only

[1]Pledges, 31 Cyc. p. 875; [2]Id., 31 Cyc. p. 875; [3]Id., 31 Cyc. p.
875; [4]Id., 38 Cyc. p. 880.

of the pledgor's obligations held by the pledgee, refusal thereof was justified.[5]

Appeal from Allegan; Warner (Glenn E.), J., presiding.    Submitted October 8, 1925.    (Docket No. 37.)    Decided December 22, 1925.

Bill by Charles R. Wilkes, administrator of the estate of Harry D. Pritchard, deceased, and others against the Allegan Fruit & Produce Company and others to set aside a sale of collateral security, and for an accounting.    From a decree for plaintiffs, defendants appeal.    Reversed, and bill dismissed.

*Wilkes & Stone*, for plaintiffs.

*I. C. Montague*, for defendants.

WIEST, J.    In this State there is this statute:

"When stock, bonds, or other personal property is pledged as collateral security for the payment of money or the performance of any obligation, and there has been a default in such payment or performance, such stock, bonds or other personal property may be sold to satisfy said debt or obligation at public sale, or at private sale where the contract of pledge authorizes a private sale; but before a sale, ten days' notice in writing thereof shall first be served on the pledgor or his legal representative, either personally or by mail addressed to said pledgor or his legal representative at his last place of residence."    3 Comp. Laws 1915, § 11917.

The following statement is taken from the opinion of the circuit judge:

"Harry D. Pritchard borrowed $2,000 from Elmer Keel, July 2, 1922, gave his promissory note due one year after date, and to secure the payment thereof pledged 250 shares of the capital stock of the Allegan Fruit & Produce Company, indorsed in blank.    In the note appears the following clause:

[5]Pledges, 31 Cyc. p. 854; Tender, 38 Cyc. p. 137.

" 'With authority to sell same at public or private sale or otherwise, at his option, on the nonperformance of this promise and without notice, * * * and I agree that said collateral shall also be held by said bank (Elmer Keel) as collateral security for any indebtedness now owing or that may hereafter be owing by me to said bank (Elmer Keel) until same is paid, with same power of sale as above stated and without notice.'

"Subsequently Pritchard pledged to the First National Bank of Allegan, Michigan, 83 1/3 shares of the capital stock of the Allegan Fruit & Produce Company, giving notes containing the same clause relative to sale without notice as appears in the note given to Keel. December 11, 1923, Harry D. Pritchard assigned to Herman Vaupell, one of the plaintiffs, his entire equity in the 333 1/3 shares of capital stock of the Allegan Fruit & Produce Company. Harry D. Pritchard died February 6, 1924. Charles R. Wilkes was appointed administrator of his estate April 2, 1924. April 11, 1924, the First National Bank of Allegan sold to Ward Granger the 83 1/3 shares of stock in said corporation which had been pledged as collateral, and on the same day Elmer Keel sold to Ward Granger the 250 shares of said stock which had been pledged to him."

The question presented is whether this statute prevents waiver of notice of private sale, by express agreement in the pledge contract? The collateral was sold at private sale without notice to the legal representative of the pledgor. The plaintiffs urge that the sale without notice was void. Defendants contend that, under the terms of the contract, notice was waived and the sale was valid. The circuit judge held that the provision of the statute requiring notice was mandatory and could not be waived by contract and, therefore, the sale was void. Defendants appealed. We are, in effect, asked to hold that the statute is bottomed on public policy, and the intended protection cannot be contracted away.

It was aptly said in *Steen* v. *Modern Woodmen,* 296 Ill. 104, 118 (129 N. E. 546, 17 A. L. R. 406):

"The courts must act with care in extending those rules which say that a given contract is void because against public policy, since, if there is one thing more than any other which public policy requires, it is that men of full age and competent understanding shall have the utmost liberty of contracting, and that their contracts, when entered into fairly and voluntarily, shall be held sacred and shall be enforced by the courts.   Because a contract may waive constitutional or statutory rights or may change an established rule of law does not necessarily render it void on the ground that it is against public policy."

The sale was made under express power granted by contract and not under authority of the statute. When the pledge of the collateral was made the stock was indorsed in blank and delivered to the pledgee. The common law conferred power to sell personal property, pledged as security to a debt, but exacted notice of right to redeem and also of the pledgee's intention to sell and of the time and place of sale. But such notice of sale was never necessary when the very instrument of pledge specifically authorized a private sale without notice.   See *McDowell* v. *Chicago Steel Works,* 124 Ill. 491 (16 N. E. 854, 7 Am. St. Rep. 381) ; *Carson* v. *Iowa City Gaslight Co.,* 80 Iowa, 638, 645 (45 N. W. 1068).

In *Ardmore State Bank* v. *Mason,* 30 Okla. 568 (120 Pac. 1080, 39 L. R. A. [N. S.] 292), the pledge read:

"I do hereby give to the legal holder of this note full power and authority to sell said collateral security or any portion thereof at public or private sale at the option of the holder on the nonperformance of the above promise, and without advertising the same or otherwise giving me notice."

It was contended by the pledgee that the notice required to be given by a statute of Oklahoma, regulating the sale of pledged collateral by banks, could be waived by the pledgor.   The court was of that opinion, and stated:

"At common law a pledgee could not sell without judicial process, unless reasonable notice to the pledgor to redeem, but this common-law rule can be waived as to notice and a public auction can be waived;   *   *   *   .   Public sale of pledged property may be waived by stipulation of the parties, and in that event a private sale is valid;" (citing cases).

21 R. C. L., p. 691, states the rule as follows:

"There is, however, no doubt that a debtor may waive the demand to redeem and the notice of the time and place of sale, even though required by statute."   *   *   *

The statute does not say the pledgor may not waive notice of sale and we cannot read into the statute a mandate not found there and one so contrary to the right of contract.

As stated in *Mowry* v. *Wood,* 12 Wis. 413, 419:

"It is clearly competent for the pledgor of goods to waive the notice to which, by law, he is entitled."

There is a line of cases holding that authority to sell stock, pledged as collateral, at public or private sale amounts to an implied waiver of notice of sale. See *McDowell* v. *Chicago Steel Works, supra.*   We cannot hold that the statute fixes the exclusive method to be employed in the sale of collateral, pledged as security, regardless of contract.   The statute carries no such inhibition and if such was its purpose it could easily have been so declared by a few appropriate words.   Does the statute do more in regard to the subject of notice of sale than to do away with an implied waiver of notice of sale, or, is the purpose of the statute to provide for sales in cases where the pledgor has not expressly conferred the right to sell or agreed on the method to be pursued in selling? The statute serves purposes without striking down long-time and legitimate contract rights and powers. It provides the power of sale and the procedure to

be followed in the absence of agreed procedure in pledges of collateral as security. It abrogates the holdings that a contract power to sell at public or private sale impliedly waives notice of sale. It does not outlaw waiver of rights.

The debt became due at the time fixed by the debtor and no demand of payment was necessary to create default giving right to sell. The contract of pledge made default follow nonpayment of the debt, and no uncertainty as to time or events was in contemplation of the parties. This is not a case where a debt, secured by collateral, does not become due at a fixed time or is contingent upon the happening or non-happening of events. In the case at bar the pledgor empowered public or private sale on the "nonperformance of his promise to pay the debt, and without notice." The pledgor was not entitled to notice of his default.

In *Williams* v. *Hahn*, 113 Cal. 475 (45 Pac. 815), it was held, quoting from the syllabus:

"Where the pledgor has authorized the pledgee to sell the pledged property at private sale only without notice to the pledgor, any notice of such sale is thereby expressly waived, and under the maxim *conventio vincit legem*, the agreement of the parties overcomes the provision of the law requiring a sale at public auction upon usual notice."

We hold the waiver of notice was not made unlawful or nugatory by this statute, and there was power, under the contract of pledge, to sell the collateral at private sale without notice. There is no merit in the point that, even if notice was waived, the power to act thereon was lost by indulgence of the debtor in not selling quickly upon default and in conversations with the administrator of the debtor's estate relative to the pledge. The special contract power to sell was continuous and was not arrested by delay or any act of the pledgee. The rule requiring notice

to create a default, and, if notice is given, and the parties thereafter treat the notice as not operative, then, to constitute default, a new notice is requisite, has no application to this case, for here no notice of default or of sale was required. Having established a line of credit by pledge of stock, and having subsequently availed himself of an additional loan the express terms of the pledge carried the security, with remedies, to the additional loan, and right to enforcement was not lost by reason of any statement made to the administrator of the pledgor's estate. The right existed by virtue of express contract and, whether the pledgee comprehended the full extent of the contract in conversation with the administrator of the pledgor's estate, or not, determined no rights.

After pledging all his stock as collateral to his notes, Mr. Pritchard gave an assignment of such stock to Herman Vaupell for the benefit of the estate of George Oliver, deceased, and Charles R. Wilkes, his creditors. Of course, no stock was delivered to the trustee for it was then in pledge as collateral security to Mr. Pritchard's notes. The stock pledged was one-third of the capital stock of the Allegan Fruit & Produce Company, a corporation. The other two-thirds being owned by defendants Ward Granger and Oliver L. Haywood, one-third each. Mr. Granger purchased the pledged stock at private sale, paying the face value thereof, together with interest due on the obligations. Plaintiffs insist that an account of the affairs of the corporation will disclose the stock was then worth more than par, and the sale to Granger was unfair and deprived the estate of Mr. Pritchard and the creditors thereof of rights. We have held the sale valid and we find no evidence to justify setting the sale aside and entering upon an investigation of the financial affairs of the corporation. The offer to pay the pledgee was of a part only of Mr. Pritchard's ob-

ligations held by him and refusal thereof was justified.

The decree in the circuit is reversed and one will be entered here dismissing the bill, with costs to defendants.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.